# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • mail@emanuelkataev.com

January 30, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

      *Re:*    **Shkolir,** *et al.* **v. Rx2Go, Inc.,** *et ano.*
              **Case <u>No.</u>: 1:23-cv-7256 (PK)**_____

Dear Judge Kuo:

      This firm is substituting in as counsel to the Defendants, who respectfully submit this letter motion in accordance with ¶ VI(B) of this Court's Individual Practice Rules[1] (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiff's Complaint ("<u>Compl.</u>"), ECF Docket Entry <u>1</u>, for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). Defendants provide the basis of their anticipated motion below.

**<u>Relevant Background</u>**

      On September 28, 2023, Plaintiffs Ellie Shkolir ("Shkolir"), Rashad Williams ("Williams"), and Evgenii Badgaev ("Badgaev") (Shkolir, Williams, and Badgaev collectively hereinafter the "Plaintiffs") filed the instant complaint in this case. <u>See</u> Docket Entry <u>1</u>. The complaint asserts causes of action under: (i) the Fair Labor Standards Act ("FLSA") for failure to pay overtime, "improper tip retention," "late payments," and "willfulness," as well as for retaliation; (ii) New York Labor Law ("NYLL") for failure to pay wages and overtime, improper deductions, improper tip retention, failure to pay wages at prescribed frequency, failure to provide pay stubs / wage notices, recordkeeping failures, and retaliation; (iii) the Freelance Isn't Free Act ("FIFA") for unpaid compensation as independent contractors and other statutory violations of FIFA; and (iv) breach of contract and unjust enrichment under New York common law. <u>See</u> <u>Id.</u> at ¶¶ 43-103.

**<u>This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim</u>**

      Plaintiffs allege that they were "couriers" for a pharmaceutical delivery service owned by Defendants. <u>See</u> <u>Compl.</u> at ¶ 1. They allege that they were paid on a piece-rate system and were not compensated for all hours worked. <u>See</u> <u>Id.</u> at ¶¶ 1, 25, 34.

---

[1] The Individual Rules provide that all dispositive motions are to be made to the District Judge; however, pursuant to Administrative Order 2023-23, no District Judge has yet been assigned. As such, the Defendants apply this Court's Individual Rules for seeking to file a dispositive motion.

They claim, without any factual details in support, that they were not paid overtime pay when they worked more than 40 hours in a week. See Id. at ¶¶ 42. The complaint fails to allege how much each Plaintiff was paid, other than a lonely allegation that they were generally paid anywhere from $3.50 to $20.00 per delivery, with no allegation as to how many deliveries were performed such that one could calculate any alleged underpayment. Id. at ¶¶ 25, 34.

As set forth below, this is wholly insufficient to state a claim under the FLSA.

**Legal Standard**

The standard for ruling on a Rule 12(c) motion is virtually identical to the standard under Rule12(b)(6). See Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010); see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977). Thus, in considering this motion for judgment on the pleadings, the Court accepts as true all of the well-pleaded facts alleged in the Complaint. Id. at 553; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level"). The Court should dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no plausible set of facts to support her claims which would entitle her to relief. See Twombly, 550 U.S. at 555.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

It is permissible for an employee to work on a piece-rate system so long as an employer complies with minimum wage and overtime laws, and doing so does not violate the FLSA. See 29 C.F.R. § 778.109 ("The [FLSA ] does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission or other basis"); see also § 142-2.16 ("The term regular rate shall mean the amount that the employee is regularly paid for each hour of work. When an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings").

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiffs fails to remotely meet the plausibility standard required to state a claim for their causes of action under the FLSA for overtime payments. They fail to identify a single week in which either of them worked and were not paid at least the minimum wage or any overtime wages.

Accordingly, Plaintiffs' wage-and-hour claims must be dismissed for failure to state a claim. For the same reason, Plaintiffs may not conditionally certify a collective action because they have failed to establish any violation of the FLSA.[2]

Plaintiffs' other claims made under the FLSA[3] similarly fail to state a claim for relief. The FLSA's prompt payment requirement is violated only when late payments have "the effect of evading the minimum wage requirements." See Sarit v. Westside Tomato, Inc., No. 18-CIV.-11524 (RA), 2020 WL 1891983, at *6 (S.D.N.Y. Apr. 16, 2020); see also Rogers v. City of Troy, N.Y., 148 F.3d 52, 55-56 (2d Cir. 1998); Chuchuca v. Creative Customs Cabinets Inc., No. 13-CIV.-2506 (RLM), 2014 WL 6674583, at *9 (E.D.N.Y. Nov. 25, 2014) (dismissing an FLSA claim when "nothing suggest[ed] that the delinquencies [in timely and adequate payments] were so severe as to render plaintiff's regular rate of pay below the minimum wage").

Further, the claims against the individual defendant must be dismissed because the complaint only alleges that they had the power to hire and fire without more. This is not enough to state a claim against an individual as an employer. See Inclan v. New York Hosp. Group, Inc., 95 F Supp 3d 490, 507 (S.D.N.Y. 2015) (setting forth at least three additional factors to consider other than the power to hire and fire to determine individual liability under the FLSA).

Finally, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Accordingly, Defendants' letter motion for a pre-motion conference should be granted. Defendants thank this honorable Court for its time and attention to this case.

---

[2] Defendants were not informed of their counsel's decision to stipulate to conditional certification of a collective action as set forth in Plaintiffs' motion dated January 19, 2024. See ECF Docket Entry 12. Defendants do not agree to so stipulate and oppose the conditional certification of a collective action. For the reasons set forth in this letter, this Court should hold Plaintiffs' motion in abeyance pending Defendants' motion for judgment on the pleadings. See Soto v. Miss Laser Inc., No. 1:19-CIV.-4745 (HG) (MMH), Text Only Order dated February 19, 2021("ORDER deferring ruling on [26] Motion to Certify FLSA Collective Action. The Court defers its ruling on Plaintiff's partially briefed motion to certify collective action in view of the Court's adjournment of Defendants' deadline to oppose Plaintiff's motion to certify collective action *sine dine* pending a yet to be briefed judgment on the pleadings … The Court removes the motion to certify collective action from the motion calendar without prejudice to either side restoring the motion to the calendar") (Brodie, Chief J.).

[3] Due to the page limits set forth by the Individual Rules, Defendants reserve the right to assert additional arguments in support of their anticipated motion for judgment on the pleadings.

Hon. Peggy Kuo, U.S.M.J.
January 30, 2024
P a g e | **4**

Dated: Jamaica, New York
      January 30, 2024                   Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                        _____/s_____
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        mail@emanuelkataev.com

                                        *Attorneys for Defendants*
                                        *Rx2Go, Inc. and*
                                        *Erkin Sattarov*

**VIA ECF**
AndersonDoddson, P.C.
<u>Attn</u>: Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004-1046
(212) 961-7639 (office)
penn@andersondodson.com

*Attorneys for Plaintiffs*
*Ellie Shkolir,*
*Rashad Williams, and*
*Evgenii Badgaev*