# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

March 2, 2024

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

> *Re:* **Shkolir, *et al.* v. Rx2Go, Inc., *et ano.***
> **Case No.: 1:23-cv-7256 (OEM) (PK)**

Dear Judge Kuo:

This firm represents the Defendants in this case. Defendants write to respectfully oppose Plaintiffs' application for a lengthy and unwarranted extension of time of forty-five (45) days to amend the pleadings in this case. For the reasons set forth below, Plaintiffs' shoot-first-ask-questions-later approach should be rejected and an amended complaint must be filed no later than Friday, March 8, 2024 so that this case may proceed.

Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules or "Rule") provides that "[w]hen an act may or must be done within a specified time, the court may, *for good cause*, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." <u>See</u> Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). Setting aside the fact that Plaintiffs fail to cite this standard, for the reasons set forth below, this Court should exercise its discretion against granting an extension of time because they fail to establish any good cause for the requested extension.

The first reason Plaintiffs cite in support of their need for an extension of time is that their counsel is waiting for documents they have in their possession. Implicit in this statement is the necessary conclusion that Plaintiffs filed this lawsuit without conducting a reasonable inquiry into the facts of the case as required by Rule 11, which this Court discussed with the parties at the January 31, 2024 telephonic initial conference. As this Court may recall, Plaintiffs then asked for the production of documents in order to amend their pleadings, and this Court denied that request. Plaintiffs provide no basis for their renewed request that warrants any different outcome. As a result, Plaintiffs' first reason is insufficient to constitute good cause for an extension of time.

The second reason Plaintiffs cite is that they hoped to receive discovery from the Defendants in order to amend their complaint. However, this reason only further supports Defendants' argument that Plaintiffs filed a complaint without complying with Rule 11, and Plaintiffs' hopes of early discovery are contrary to the Rules in that discovery does not take place before the pleadings are filed and issue is joined.

Indeed, Rule 11 provides that:

> By presenting to the court a pleading, written motion, or other paper
> … an attorney … certifies that to the best of the person's knowledge,
> information, and belief, *formed after an inquiry reasonable under
> the circumstances*:
> (1) *it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost of
> litigation*;
> (2) the claims, defenses, and other legal contentions are *warranted
> by existing law* or by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for establishing new law;
> (3) *the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary support after a
> reasonable opportunity for further investigation or discovery*; …

<u>See</u> Fed. R. Civ. P. 11(b) (emphasis added).  Here, it is respectfully submitted that Plaintiffs'
pleadings fail to comply with Rule 11 in multiple respects because: (i) it is obvious from a review
of Plaintiffs' letter motion that there was no reasonable inquiry undertaken before filing the
complaint; (ii) were this case to proceed to discovery, the evidence would show that this litigation
is fueled by a disgruntled independent contractor's anger that the vehicle he used to perform
services for Defendants with was in an accident due to another independent contractor's conduct
such that he could no longer perform services for Defendants; (iii) the claims and legal contentions
asserted by Plaintiffs are unwarranted because they are independent contractors who have their
own corporations set up and never personally received compensation for their services rendered
except through those corporations; and (iv) there is no evidentiary support for Plaintiffs'
contentions that they were employees or that they were underpaid in any event.

Further, contrary to Plaintiffs' statements, Rule 26 does not require the production of
documents in conjunction with initial disclosures.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring
"a copy--*or a description by category and location*--of all documents …" to be provided)
(emphasis added).  Defendants timely served their initial disclosures in compliance with Rule 26
by providing the aforesaid description.  Moreover, Plaintiffs are not entitled to discovery as they
have not made any demands for same pursuant to Rule 34.  Thus, Plaintiffs' second reason is
unsupported by the Rules and does not constitute good cause for an extension of time.

Plaintiffs' third reason in support of her request for an extension of time – that Plaintiffs
wished to share a draft of the pleadings to conduct a meet-and-confer regarding same in advance
of filing an amended complaint – is similarly unavailing because Plaintiffs have not provided any
basis for their failure to share an amended pleading.  In pushing for early discovery that is
unwarranted by the Rules, Plaintiffs miss the forest for the trees in a couple of ways: (i) Rule 8
requires a short and plain statement of why they are entitled to relief, not a week-by-week wage
analysis; and (ii) Plaintiffs have failed to identify a single week in which there exists
uncompensated time for hours worked in excess of forty (40) hours.  Plaintiffs thus need not mail
documents in order to prolong their odyssey to get past the pleading stage; they merely need to
have a conversation with their counsel and provide information about how much they were paid,
which information is readily available in the corporate bank accounts they set up for the entities
that they formed when they went into business.

2

Accordingly, because there exists no good cause whatsoever for any extension of time, let alone for forty-five (45) days, Plaintiffs should be given a final extension of time until Friday, March 8, 2024 to amend their pleadings.

Defendants thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      March 2, 2024                   Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                        */s/ Emanuel Kataev, Esq.*
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        *Attorneys for Defendants*
                                        *Rx2Go, Inc. and*
                                        *Erkin Sattarov*

**VIA ECF**
AndersonDodson, P.C.
<u>Attn</u>: Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004-1046
(212) 961-7639 (office)
penn@andersondodson.com

*Attorneys for Plaintiffs*
*Ellie Shkolir,*
*Rashad Williams, and*
*Evgenii Badgaev*