UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**ELLIE SHKOLIR, RASHAD WILLIAMS,** and
**EVGENII BADGAEV,**

                Plaintiffs,

v.

**RX2GO, INC.**, and,
**ERKIN SATTAROV,** an individual,

                Defendants.

Case No. 1:23-cv-7256-OEM- PK

---

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COME NOW the Plaintiffs, by and through their undersigned counsel, and pursuant to FRCP 15, move for leave to amend their complaint. [Dkt. 1] to address issues raised in Defendants' letter motion to dismiss Plaintiffs' original complaint and Court Text Order in this action. [Dkts. 15, 16]. Attached hereto is the proposed First Amended Complaint.

### I.    CONFERRAL ATTEMPTS

It is unknown whether this motion is opposed or not. Counsel for Plaintiff emailed counsel for Defendants a copy of the proposed amended complaint. Counsel emailed back asking for a "red-lined" copy, which Plaintiffs' counsel provided within minutes. There has been no subsequent communication. A paralegal also followed up trying to get an indication as to whether this motion would be without opposition or not, and there was no response.

The reason for this amendment is that Defense counsel filed a letter motion regarding a proposed motion to dismiss Plaintiffs' original complaint. [Dkt. 15]. In

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

response, Plaintiffs' counsel suggested that rather than engage in motion practice that counsel explain his positions so that Plaintiffs could determine whether a voluntary amendment would satisfy the concerns. During the initial conference, the parties and the Court discussed the provisions to which Defendants pointed to as, in their view, needing more specificity. [Dkt. 16].

Since then, Plaintiffs' counsel has sought additional clarifying information from the Plaintiffs and has edited the provisions that were discussed, such as providing an example regarding the Plaintiffs' minimum wage claim.

Plaintiffs' counsel and her staff have also diligently and regularly attempted to schedule a call between counsel for the purpose of discussing any other aspects of the complaint with which Defendants take issue. Defense counsel has declined to respond to that invitation or to email equivalents. The intent was to avoid motion practice, but unfortunately at a minimum this motion to amend has become warranted.

Plaintiffs hope that a motion to dismiss will not be the response to this amended complaint, since doing so would only serve to interpose unnecessary delay, given the standards for pleading as governed by FRCP 8, *Iqbal/Twombly*, and the Second Circuit's recent revisitation of the standard for wage claim pleadings. *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115–16 (2d Cir. 10/16/2023). Under the new standard, which effectively supersedes that of *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) [relied upon in Defendants' pre-motion letter], Plaintiffs may not even need to amend their complaint at all. However, because there is essentially no harm in doing so, we do offer the one attached.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shkolir et al. v. RX2GO, Inc.*
Case No. 1:23-cv-07256-OEM-PK

Ps Motion for Leave to Amend Complaint
Page 2

## II.    LEGAL STANDARDS

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Id*. (quoting Fed. R. Civ. P. 15(a)(2)). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).

## III.    LEAVE SHOULD BE FREELY GIVEN TO AMEND THIS COMPLAINT.

The Court deferred ruling on Defendant's Motion for Pre-Motion Conference and granted Plaintiff's unopposed oral request to file a motion for leave to amend the complaint. Defendants argued that Plaintiffs' Complaint failed to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Although it may no longer be necessary under applicable legal standards, for the avoidance of doubt Plaintiffs seek the Court' leave to Amend their Complaint.  Attached hereto is a proposed Amended Complaint for the Court's consideration.

There has been no undue delay on Plaintiffs' part.

There has also been no bad faith on the movant's part. Plaintiffs' counsel has been attempting to move this case along substantively since its inception.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shkolir et al. v. RX2GO, Inc.*
Case No. 1:23-cv-07256-OEM-PK

Ps Motion for Leave to Amend Complaint
Page 3

Finally, the proposed amendment is not futile. It directly addresses points raised in the Court's ruling and Defendant's Motion for Pre-Motion Conference.

### IV. CONCLUSION

For these reasons Plaintiffs respectfully request that they be permitted to amend their complaint and to file the proposed Amended Complaint attached hereto accordingly.

Respectfully submitted, this **8th** day of **March 2024.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shkolir et al. v. RX2GO, Inc.*
Case No. 1:23-cv-07256-OEM-PK

Ps Motion for Leave to Amend Complaint
Page 4