# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

March 13, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

   *Re:* **Shkolir,** *et al.* **v. Rx2Go, Inc.,** *et ano.*
     <u>**Case No.: 1:23-cv-7256 (OEM) (PK)**</u>

Dear Judge Kuo:

  This firm represents the Defendants in this case.  Defendants write to respectfully respond to Plaintiffs' motion to amend the complaint.  Defendants address the issues raised therein *seriatim* below.

  i. <u>Attempts to Meet-and-Confer and Defendants' Consent on Motion for Leave</u>

  As an initial matter, Defendants consent to Plaintiffs' motion for leave to amend the complaint.  Plaintiffs have known this, or should have known this, based on the parties' discussion at the telephonic conference conducted before this Court on January 31, 2024, during which Defendants consented to Plaintiffs' request for leave to amend the complaint.

  The ancillary issue related to that request was Plaintiffs' additional request that Defendants agree not to move forward with a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  While it is true that the parties have been unable to schedule a mutually convenient time to conduct a telephonic meet-and-confer, Plaintiffs fail to point out the fact that Defendants were never given a full and fair opportunity to do so.  Since January 31, 2024, Plaintiffs had an entire month to prepare an amended complaint.  Rather than do so, Plaintiffs sought – but were denied – an additional forty-five (45) day extension of time to do so and instead were directed to submit a proposed amended pleading by Friday, March 8, 2024, effectively obtaining thirty-seven (37) days to do so.  In stark contrast, Defendants first received a copy of the proposed amended pleading on Thursday, March 7, 2024 at 3:39 PM, leaving Defendants with less than one (1) day to review the proposed amended pleading with counsel and make a determination as to whether this new complaint cures the prior deficiencies raised.

  Defendants respectfully submit that they should not be required to hastily make such important decisions on a day's notice.

  ii. <u>The Effect of the Second Circuit's Decision in *Herrera* in Pleading an FLSA Claim</u>

  Plaintiffs also argue that <u>Herrera v. Comme des Garcons, Ltd.</u>, 84 F.4th 110 (2d Cir. 2023), has resulted in a "new" pleading standard for stating a claim under the FLSA.

Quizzically, however, Plaintiffs' reading is strained in light of the Second Circuit's express reaffirmance of the trilogy of cases concerning the FLSA pleading standard decided a decade ago. See Id. at 116 ("For reasons already stated, we disagree and conclude that our analysis comports entirely with Lundy, as well as Nakahata and Dejesus") and at 117 ("The Lundy pleading standard still demands that plaintiffs allege FLSA claims with specificity").

In that regard, Plaintiffs' assertion that Herrera sets forth a "new" pleading standard is simply incorrect.

iii.    Defendants' Position on Whether They Will Move to Dismiss the Amended Complaint

Having had the opportunity to review Plaintiffs' amended complaint for a mere six (6) days, including the weekend, Defendants respectfully submit that the proposed amended pleading is still deficient such that a motion for judgment on the pleadings is warranted.

According to the red-lined draft sent to Defendants later in the day on Thursday, March 7, 2024, other than the preamble, Plaintiffs' amended complaint adds ¶¶ 36, 39-40, and supplements ¶ 70, as follows:

> 36. As one example based on limited information to which he still has access, Plaintiff Badgaev on 11/30/2020 started work at 12:26 and finished at 23:45, for a shift time of 11 hours 19 minutes. During this time he made 30 deliveries. Each delivery shows a "payout" price of $4.00. 30 deliveries times $4 per delivery is $120 earned for the day. Assuming he in fact received that full amount, $120 divided by 11 hours 19 minutes is an effective hourly rate of $10.60. This is under the applicable minimum wage rate.
> …
> 39. Plaintiff Williams also had a text exchange with a supervisor, Shoxa Mamatov, about tips, as follows: Williams: And I want all my money Mamatov: so u will get paid Mamatov: when the salary will be Williams: tips and all Mamatov: talk to bk office
> 40. Further, not all payments cleared. For example, on December 2, 2021, Plaintiff Williams experienced a return chargeback of $2,141.80 that Defendants had paid to him, which, even though they repaid him this amount of December 6, caused him to incur a deposit return fee of $20 and an overdraft fee of $35.
> …
> 70. Upon information and believe [*sic*], as indicated in the example above, there likely were at least some workweeks in which Plaintiffs did not receive wages at or above the applicable minimum wage rate for all hours worked. Had Defendants issued Plaintiffs paystubs indicating hours worked and pay received as the law requires, they would be able to determine the extent of this claim. …

See ECF Docket Entry 20-1 at 6-7 ¶¶ 36, 39-40 and at 11 ¶ 70.

These additional allegations, together with the prior allegations, still fail to save the Plaintiffs from judgment on the pleadings for several reasons.

*First*, the allegation in ¶ 36 calculates the regular rate by tallying the total *daily* compensation and total *daily* hours. As an initial matter, this is not the correct method of calculating the regular rate of pay according to the Code of Federal Regulations. See 29 CFR § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his *total remuneration* for employment (except statutory exclusions) *in any workweek* by the *total number of hours actually worked* by him *in that workweek* for which such compensation was paid") (emphasis added).

*Second*, even assuming *arguendo* that this daily calculation method is accurate (which it is not), there is no claim for a minimum wage violation because the federal minimum wage is $7.25 (and $10.60 exceeds that minimum),[1] and there is no overtime violation because this allegation standing alone discusses an eleven-hour workday without specifying whether that particular plaintiff worked in excess of forty (40) hours for that particular workweek. Similarly, the allegations in ¶¶ 39-40 do not nudge the FLSA claims into the realm of plausibility because they have nothing to do with the number of actual hours Plaintiffs worked during any workweek nor do they elucidate the total remuneration Plaintiffs received for any such workweek.

Finally, the allegation in ¶ 70 is too speculative in nature to state a claim for relief under the FLSA.

Accordingly, Defendants respectfully renew their letter motion for a pre-motion conference in anticipation of their motion for judgment on the pleadings pursuant to Rule 12(c) and propose the following briefing schedule: (i) Friday, April 12, 2024 for Defendants' moving papers; (ii) Monday, May 13, 2024 for Plaintiffs' opposition papers; and (iii) Friday, May 31, 2024 for Defendants' reply papers in further support.

Defendants thank this Court for its time and attention to this case.

---

[1] See, e.g., United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960) (holding that there is not violation of the FLSA minimum wage provision "so long as the total weekly wage paid" does not fall below "the number of hours actually worked that week multiplied by the minimum hourly statutory requirement"); see also Lee v. Insomnia Cookies LLC, No. 23-CIV.-6321 (FPG), 2024 WL 1055639, at *6 (W.D.N.Y. Mar. 11, 2024) (dismissing FLSA minimum wage claim where "[e]ven if the extra forty-five minutes of unpaid work were added to his weekly hours, *his average pay would only drop to $14.08/hour, well above the minimum rate of $7.25/hour*") (emphasis added) (citing Alfonso v. Mougis Logistics Corp., No. 21-CIV.-5302, 2021 WL 5771769, at *4 (S.D.N.Y. Dec. 6, 2021) ("As long as a Plaintiff's average wage exceeds the federal minimum wage" there is no violation of the FLSA minimum wage provision")).

Dated: Jamaica, New York
       March 13, 2024                  Respectfully submitted,

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Rx2Go, Inc. and*
*Erkin Sattarov*

**VIA ECF**
AndersonDodson, P.C.
<u>Attn</u>: Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004-1046
(212) 961-7639 (office)
penn@andersondodson.com

*Attorneys for Plaintiffs*
*Ellie Shkolir,*
*Rashad Williams, and*
*Evgenii Badgaev*

4