

March 19, 2024

Hon. Orelia E. Merchant
Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
<u>Via ECF Only</u>

> Re:    *Shkolir, et. al v. RX2GO, Inc., et. al.;* 1:23-cv-7256-OEM-PK (EDNY)
>          <u>Response to Defendants' Pre-Motion Conference Request</u>

Your Honor:

I represent the Plaintiffs in the above-referenced action. I write in response to Defendants' Letter dated March 13, 2024. [Dkt. 21].

<u>Procedural Aspects.</u>
Preliminarily, it is unclear from the letter whether Defendants are seeking a pre-motion conference or just a briefing schedule. Plaintiffs do not oppose the schedule they proposed. However, since this is a dispositive motion, it would seem that Defendants' request is implicitly a request for a pre-motion conference with District Judge Merchant, in accordance with her individual practice standards. Plaintiffs do not oppose having a pre-motion conference, and suggest that a briefing schedule be set at that conference, if there is indeed to be a motion.

<u>Substantive Arguments.</u>
Though again not stated explicitly as such, the basis of Defendants' proposed Rule 12 motion is an alleged failure to adequately frame allegations in regard to Plaintiff's federal minimum wage claims (premised upon a minimum wage rate of $7.25 per hour, as they argue). Plaintiffs simply have not alleged a federal minimum wage claim. Amended Complaint, Dkt. 22 pp. 8-10 (see also Complaint, Dkt. 1 pp. 7-9). It is unclear why Defendants are seeking to engage in motion practice to dismiss claims that have not been asserted.

It's unclear whether they are also attempting to attack the state law minimum wage claims. In case so, in regard to state NYLL claims, Plaintiffs have alleged as follows in regard to the minimum wage aspects of their claims:

 March 19, 2024

70. Upon information and belief, as indicated in the example above, there likely were at least some workweeks in which Plaintiffs did not receive wages at or above the applicable minimum wage rate for all hours worked. Had Defendants issued Plaintiffs paystubs indicating hours worked and pay received as the law requires, they would be able to determine the extent of this claim. Plaintiffs reserve the right to inspect records in order to determine whether on at least some workweeks Defendants failed to pay Plaintiffs at or above the applicable minimum wage for all hours they worked, in violation of NYLL § 652.

To date Defendants have not provided <u>any</u> time, pay, or any other substantive documents or data in this case despite Plaintiffs' informal requests, initial disclosure requirements, in conformance with the Court's Order dated February 27, 2024, directing the parties to exchange all information necessary for a successful mediation as soon as possible. It would appear that Defendants may be trying to delay proceedings by interposing this motion that is premised upon the information they are required by law to keep, are in possession of, have been asked for, and nevertheless have failed to provide.

As previously mentioned the Plaintiffs themselves were not provided paystubs. Further, since they no longer have access to the RX2Go app that they used to do their work, they no longer have access to the job logs and correlative time stamps. Defendants do have this information; they just have not provided it, instead opting to try to play games of "hide the ball" and "gotcha." Plaintiffs happen to have a few records that corroborate their allegations, but not even a full week's worth of time stamp information. Plaintiffs do not take issue with the concept that minimum wage is computed (as per federal regulations at least) on a workweek basis. They just don't have records for a full workweek. However, it is not unreasonable to infer that the records for one day, if multiplied by the five or six days Plaintiffs allege they generally worked, would result in a minimum wage claim for that week. Given the fact that the record-keeping (and production) obligations lie squarely with Defendants, Plaintiffs have sufficiently pled their claims.

<u>Conferral</u>
We are more than happy to engage on the actual substantive merits of this case. This is unfortunately being impeded by excessive litigiousness and gamesmanship thus far. In addition to attempting to seek the exchange of pointed, relevant evidentiary information informally as opposed to engaging in extensive discovery, I have also been diligently attempting to confer in order to avoid as much motion practice as possible. These overtures have consistently been rebuffed. For example, by email my paralegal has offered the following dates and times to schedule a conferral call about the substance of the proposed amended complaint, with at least 5 interim pings requesting a response:

- 2/8/24 at 1:30 pm or

- 2/9/24 at 11:00 am or 11:30 am
- 2/12 at 11am Eastern Time
- 2/12 at 1:30pm Eastern Time (separately offered)
- 2/26, at 4:30 pm (belatedly agreed, but by that time the slot was no longer available)
- Wednesday 2/28 at 11:30 am
- Wednesday 2/28 at 2:30 pm
- Monday 3/4/24 1pm MTN Time
- Tuesday 3/5/24 2:30 MTN Time
- Wednesday 3/6/24 1pm MTN Time

Along the way I also emailed counsel, "Also, Lucy has been trying to schedule a time for us to have a call. I do want to make sure I understand all of your contentions in regard to the contents of the complaint, so that we can avoid motion practice. If you're so busy that you don't have time for a call, can you please bullet point out your thoughts in an email?" He did not do so.

Though recognizing parties' rights to file motions, we do not want to waste time (ours or the Court's) on a motion to dismiss whose most likely sole net effect outcome is procedural delay for the case.

We thank the Court for its time and consideration to this matter.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*