# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 29, 2024

**<u>VIA ECF</u>**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Orelia E. Merchant, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

> *Re:* **Shkolir, *et al.* v. Rx2Go, Inc., *et ano.***
> **<u>Case No.: 1:23-cv-7256 (PK)</u>**

Dear Judge Merchant:

This firm represents the Defendants in the above-referenced case, who respectfully submit this letter motion in accordance with ¶ III(B) of this Court's Individual Practices and Rules (hereinafter the "Individual Rules") to respectfully renew[1] their request for a pre-motion conference in anticipation of Defendants' motion for judgment on the pleadings to dismiss Plaintiff's First Amended Complaint ("<u>FAC</u>"), ECF Docket Entry <u>22</u>, for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  The basis of Defendants' motion follows.

## <u>The Defendants Should be Excused from Mediating this Case</u>

On January 31, 2024, the Hon. Peggy Kuo, U.S.M.J. ("Judge Kuo") entered a Discovery Plan & Scheduling Order wherein Plaintiffs were to make a settlement demand by February 13, 2024.  <u>See</u> ECF Docket Entry <u>16</u>.  Plaintiffs failed to do so, as reflected in Defendants' February 27, 2024 letter motion for an extension of time, and Judge Kuo issued an Order directing the parties to meet-and-confer on the subject.  <u>See</u> ECF Docket Entry <u>17</u> and Text Only Order dated February 27, 2024.  The parties met-and-conferred by and through counsel, as required by Judge Kuo's Order, on March 22, 2024 and agreed that Plaintiffs would provide a settlement demand by Friday, March 29, 2024, to which Defendants will respond by Friday, April 5, 2024.  <u>See</u> ECF Docket Entry <u>24</u>.  Plaintiffs submitted a class-wide settlement demand[2] of $375 million dollars on March 29, 2024, and Defendants made an offer on April 5, 2024 as required.

---

[1] Defendants previously sought the instant relief with the Hon. Peggy Kuo, U.S.M.J. ("Judge Kuo") before this Court was assigned to this case.  <u>See</u> ECF Docket Entry <u>15</u>.  That request was denied without prejudice by this Court on February 20, 2024.  <u>See</u> Text Only Order dated February 20, 2024 (permitting renewal of the request after Plaintiffs' filing of the amended complaint).  Similarly, when Defendants renewed their request for this relief in response to Plaintiffs' motion for leave to amend the pleadings, this Court denied it without prejudice to renew pending the parties' then-anticipated mediation.  <u>See</u> Text Only Order dated March 21, 2024.

[2] Because this is a Fair Labor Standards Act ("FLSA") case for which settlement approval is required, Defendants respectfully submit that Defendants are not constrained pursuant to Rule 408 of the Federal Rules of Evidence.

Hon. Orelia E. Merchant, U.S.D.J.
April 29, 2024
P a g e | **2**

Defendants informed Plaintiffs that they are not prepared to settle on a class-wide basis and sought a revised demand to reflect a settlement for the three (3) Plaintiffs involved in this case. Plaintiffs have refused to do so. Defendants thus seek to suspend their obligation to attend a mediation, which would be a waste of time and money, until such time that Plaintiffs provide a demand tied to the three (3) Plaintiffs they represent.

**Relevant Background**

On September 28, 2023, Plaintiffs Ellie Shkolir ("Shkolir"), Rashad Williams ("Williams"), and Evgenii Badgaev ("Badgaev") (Shkolir, Williams, and Badgaev collectively hereinafter the "Plaintiffs") filed the instant complaint in this case. See Docket Entry 1. The complaint asserts causes of action under: (i) the FLSA for failure to pay overtime, "improper tip retention," "late payments," and "willfulness," as well as for retaliation; (ii) New York Labor Law ("NYLL") for failure to pay wages and overtime, improper deductions, improper tip retention, failure to pay wages at prescribed frequency, failure to provide pay stubs / wage notices, recordkeeping failures, and retaliation; (iii) the Freelance Isn't Free Act ("FIFA") for unpaid compensation as independent contractors and other statutory violations of FIFA; and (iv) breach of contract and unjust enrichment under New York common law. See Id. at ¶¶ 47-107. Other than the preamble, the FAC adds allegations in ¶¶ 36, 39-40, and supplements allegations in ¶ 70.

As set forth further below, the FAC fails to cure the deficiencies identified by the Defendants in their initial letter motion for a pre-motion conference.

**This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim**

Plaintiffs allege that they were "couriers" for a pharmaceutical delivery service owned by Defendants. See FAC. at ¶ 1. They allege that they were paid on a piece-rate system and were not compensated for all hours worked. See Id. at ¶¶ 1, 26, 35. They claim, without any factual details in support, that they were not paid overtime pay when they worked more than 40 hours in a week. See Id. at ¶ 46. The complaint fails to allege how much each Plaintiff was paid, other than a lonely allegation that they were generally paid anywhere from $3.50 to $20.00 per delivery, with no allegation as to how many deliveries were performed such that one could calculate any alleged underpayment. Id. at ¶¶ 26, 34.

Plaintiffs' new allegations do not cure these deficiencies.

*First*, the new allegation in ¶ 36 calculates the regular rate by tallying the total daily compensation and total *daily* hours. As an initial matter, this is not the correct method of calculating the regular rate of pay according to the Code of Federal Regulations. See 29 CFR § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his *total remuneration* for employment (except statutory exclusions) in *any workweek* by the total number of hours actually worked by him *in that workweek* for which such compensation was paid") (emphasis added).

2

Hon. Orelia E. Merchant, U.S.D.J.
April 29, 2024
P a g e | **3**

*Second*, even assuming arguendo that this daily calculation method is accurate (which it is not), there is no claim for a minimum wage violation because the federal minimum wage is $7.25 (and $10.60 exceeds that minimum),[3] and there is no overtime violation because this allegation standing alone discusses an eleven-hour workday without specifying whether that particular plaintiff worked in excess of forty (40) hours for that particular workweek. Similarly, the allegations in ¶¶ 39-40 do not nudge the FLSA claims into the realm of plausibility because they have nothing to do with the number of actual hours Plaintiffs worked during any workweek nor do they elucidate the total remuneration Plaintiffs received for any such workweek.  Finally, the allegation in ¶ 70 is too speculative in nature to state a claim for relief under the FLSA.

As set forth below, this is wholly insufficient to state a claim.

**Legal Standard**

The standard for ruling on a Rule 12(c) motion is virtually identical to the standard under Rule12(b)(6). See Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010); see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977).

Thus, in considering this motion for judgment on the pleadings, the Court accepts as true all of the well-pleaded facts alleged in the Complaint. Id. at 553; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complaint must set forth factual allegations that are "enough to raise a right to relief above the speculative level"). The Court should dismiss the Complaint if it appears beyond doubt that Plaintiff can prove no plausible set of facts to support her claims which would entitle her to relief. See Twombly, 550 U.S. at 555.

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

---

[3] See, e.g., United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960) (holding that there is not violation of the FLSA minimum wage provision "so long as the total weekly wage paid" does not fall below "the number of hours actually worked that week multiplied by the minimum hourly statutory requirement"); see also Lee v. Insomnia Cookies LLC, No. 23-CIV.-6321 (FPG), 2024 WL 1055639, at *6 (W.D.N.Y. Mar. 11, 2024) (dismissing FLSA minimum wage claim where "[e]ven if the extra forty-five minutes of unpaid work were added to his weekly hours, *his average pay would only drop to $14.08/hour, well above the minimum rate of $7.25/hour*") (emphasis added) (citing Alfonso v. Mougis Logistics Corp., No. 21-CIV.-5302, 2021 WL 5771769, at *4 (S.D.N.Y. Dec. 6, 2021) ("As long as a Plaintiff's average wage exceeds the federal minimum wage" there is no violation of the FLSA minimum wage provision")).

Hon. Orelia E. Merchant, U.S.D.J.
April 29, 2024
P a g e | **4**

It is permissible for an employee to work on a piece-rate system so long as an employer complies with minimum wage and overtime laws, and doing so does not violate the FLSA. See 29 C.F.R. § 778.109 ("The [FLSA ] does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission or other basis"); see also § 142-2.16 ("The term regular rate shall mean the amount that the employee is regularly paid for each hour of work. When an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings").

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

**Plaintiffs Fail to Meet the Legal Standard to State a Claim for Relief under the FLSA**

Here, as set forth above, Plaintiffs fail to remotely meet the plausibility standard required to state a claim for their causes of action under the FLSA for overtime payments. They fail to identify a single week in which either of them worked and were not paid at least the minimum wage or any overtime wages. Accordingly, Plaintiffs' wage-and-hour claims[4] must be dismissed for failure to state a claim. For the same reason, Plaintiffs may not conditionally certify a collective action because they have failed to establish any violation of the FLSA. Accordingly, Defendants' letter motion for a pre-motion conference should be granted. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
      April 29, 2024

Respectfully submitted,
**SAGE LEGAL LLC**
 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
mail@emanuelkataev.com

*Attorneys for Defendants*
*Rx2Go, Inc. and*
*Erkin Sattarov*

---

[4] Due to page limitations, Defendants respectfully incorporate by reference their prior additional arguments in support of the instant request. See ECF Docket Entry 15 at 3.

Hon. Orelia E. Merchant, U.S.D.J.
April 29, 2024
P a g e | **5**

**VIA ECF**
AndersonDodson, P.C.
<u>Attn</u>: Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004-1046
(212) 961-7639 (office)
penn@andersondodson.com

*Attorneys for Plaintiffs*
*Ellie Shkolir,*
*Rashad Williams, and*
*Evgenii Badgaev*

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804