

April 30, 2024

Hon. Orelia E. Merchant
Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
VIA ECF ONLY

    Re:    *Shkolir, et. al v. RX2GO, Inc., et. al.*; 1:23-cv-7256-OEM-PK (EDNY)
             REQUEST FOR PRE-MOTION CONFERENCE RE:  DISCOVERY DEFICIENCIES / COMPEL

Your Honor:

We represent the Plaintiffs in the above-referenced wage and hour action. Unfortunately, despite multiple attempts to obtain even very basic discovery materials, we must seek the Court's intervention to assist.

Synopsis

This is a wage and hour case brought on behalf of several couriers, involving, amongst other things, claims regarding minimum wage, improper overtime payments and withheld tips. In this case, the Defendants have records. They use an app for the couriers to log various information regarding their work out in the field, which includes time stamps. They are also in possession of records pertaining to how much and when they paid the Plaintiffs. Nevertheless, they have not even provided the most basic discovery -- payroll, timekeeping, tips information or job logs – despite repeated requests for months, first informally then formally. We provided Defendants with limited Requests for Production of Documents on March 22, 2024, and to date still have not received Defendants' responses. (Ex. 1).

Procedural Background

By joint letter to the court dated 3/24/24 [Dkt. 24] the parties reported that we had met and conferred and agreed to Plaintiffs providing a settlement demand on or before March 29, 2024, and Defendants making a settlement offer on or before April 5, 2024. Plaintiffs sent the settlement demand based on the information available.

On March 22, 2024, we sent discovery requests to defense counsel (Ex. 1). These requests are limited in scope and were designed to get at only the most salient information for a productive



settlement discussion and mediation. No response has been received. On April 26, 2024, I sent an email on the overdue discovery responses and still have not received them.

On March 25, 2024, by text Order of the Court, the mediation is completed by May 17, 2024. Since the Court's referral to mediation, my office has repeated emailed defendant's counsel in an attempt to move the mediation forward.

On March 27, 2024, Magistrate Judge Peggy Kuo ordered in relevant part: "*The parties are directed to exchange all information necessary for a successful mediation as soon as possible.*" In spite of the numerous requests and in defiance of the Court's Order, the production of the information necessary has gone unanswered by defense counsel.

On April 26, 2024, we sent an email to defendants' counsel indicating that we have not received responses to our requests for production. Defense counsel replied requesting a meet and confer. I responded that same day with my availability for April 29, at 2:30 or 4:15pm ET or 4/30 at 2pm ET. Rather than respond to the times offered for conferral, defense counsel filed a letter with the court requesting that Defendants be excused from mediation and seeking to file a Rule 12 motion.

We want Defendants to respond to the Request for Production of Documents we sent them March 22, 2024. We most urgently want complete payroll records, timekeeping records, tips, and records relating to Plaintiffs' deliveries made.

We thank you for your consideration of these matters.

Sincerely,

*Penn Dodson*

Penn Dodson, Esq.
penn@andersondodson.com