UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELLIE SHKOLIR, RASHAD WILLIAMS,** and **EVGENII BADGAEV,**<br><br>Plaintiffs,<br><br>v.<br><br>**RX2GO, INC.**, and,<br>**ERKIN SATTAROV,** an individual,<br><br>Defendants. | Case No. 1:23-cv-7256-OEM-PK |

### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

**COME NOW** the Plaintiffs, by and through counsel, and submits these Requests for Production to Defendants, demanding that they be answered pursuant to Fed. R. Civ. Proc. 34 and all other pertinent provisions of the FRCP and applicable caselaw, and with an accompanying production of the documents described below for inspection and\or photocopying.

### DEFINITIONS

In preparing your responses to the Requests set forth herein, the following definitions should control unless indicated otherwise by the context:

- Unless direct reference to each party's proper name is used, the words "*you*" and "*your*" refer to the Defendants and its respective agents, officers, employees, attorneys, and all other persons acting on behalf of Defendant.
- "*Knowledge*" includes first-hand information and information derived from any other source, including hearsay knowledge.
- In each instance wherein you are asked to "*identify*" or describe a document, your description should include but not be limited to:
  - (1) The name, address, telephone number, occupation, job title, and employers of the present custodian of the document;
  - (2) The date of the making of the document and the name, address, telephone number, occupation, job title, and employers of each such person whose

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

testimony could be used to authenticate such document and lay the foundation for its introduction into evidence.

- To "*identify*" a person or if the answer to an interrogatory refers to a person or requests the name of a person, state with respect to each such person:

    (1)   His or her name;

    (2)   His or her last known residence, business address and telephone number;

    (3)   His or her company or business affiliation at the date of the transaction, correspondence or meeting referred to; and

    (4)   His or her title and duties in the company or business with which he or she was affiliated.

- "***Person***" shall mean and include an actual person, association, partnership, sole proprietorship, firm, public entity, corporation, or any other business or legal entity, its agents or employees.

- The words "***documents,***" "***writings***," and "***materials***" are used in the broadest sense and refers to any and all written, recorded, electronic, or graphic matters, however produced or reproduced, whether or not it now exists, whether or not privileged, pertaining in any way to the subject matter of this action.  This definition includes, but is not limited to, any and all originals, copies, or notes of any and all of the following: correspondence, e-mails, records, notes, summaries, schedules, contracts, agreements, offers, data files, statements, certificates, deeds, drawings, sketches, orders or acknowledgments, diaries, reports, forecasts or appraisals, memoranda or telephone memoranda, pamphlets or brochures, letters, telegrams, computer printouts, faxes, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data, material, typewritten material, electronic material, printed material, photocopies, photographs, or other graphic symbolic recorded or written materials of any nature whatsoever.  Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, are to be considered a separate document.

### INSTRUCTIONS

A.   Answer each Request for Production separately and fully in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

B.   If any requested document cannot be provided in full, provide it to the extent possible and identify each document or portion thereof or information withheld and set forth the reasons it has been withheld.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shkolir, et al. v. RX2GO, Inc., et al.*
Case no. 1:23-cv-7256-OEM-PK (EDNY)

Ps 1st RPDs to Ds
Page 2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

C. You are requested to produce all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you, your employees, agents, representatives, attorneys, accountants, or any other person acting or purporting to act on your behalf or under your direction or control.

D. You are requested to produce the original of each document requested together with all non-identical copies and drafts.

E. Documents not otherwise responsive shall be produced if such documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or explanation of responsive documents.

F. Identify the request to which each document is responsive **and precisely identify the document by its Bates Stamp Number(s)** so that the requesting party knows to what exact document(s) you are referring.

G. You are under a continuing duty to furnish additional and supplemental responses and documents. Should you, your counsel, or anyone representing your interest, acquire any additional knowledge or information which affects the accuracy or completeness of any of the documents produced, or which relates to the matter to which these document requests inquire, such knowledge, information, and documents must be immediately transmitted to the requesting party's attorney by way of supplemental production of documents. Failure to supplement an answer within a reasonable time can subject a party to sanctions. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

H. Each request to produce shall be construed independently. No request shall be construed by reference to any other request to produce for the purpose of limiting the response to such request.

I. If a request to produce, read literally, requires the production of a part or portion of a document, the entire document shall be produced.

J. An evasive or incomplete answer to a document request is deemed to be a failure to answer.

K. For each document within the scope of these requests to produce that has been destroyed or lost or is otherwise unavailable, provide the following:

   a. identify, as defined in the definitions section of this document, the document;
   b. a summary of the document's contents; and
   c. a description of the circumstances under which the document became unavailable, including, but not limited to, the date(s) the document was destroyed, lost, or became otherwise unavailable; identify, as defined in the definitions section of this document, the person(s) involved in the document's destruction or loss; and the reason(s) for the document's destruction or loss.

L. In construing these requests to produce:

   a. the singular shall include the plural and plural shall include the singular; and

      b.   a masculine, feminine, or neuter pronoun shall not exclude the other genders.

M.    If you object to any discovery request as being vague or ambiguous, identify each word or phrase that you consider to be vague or ambiguous, define that term as you understand it, and answer the discovery request according to your understanding.

N.    If you object to any discovery request as being overly broad, state what you believe to be a proper limitation of the breadth of the discovery request and answer it according to that limitation.

### CLAIMS OF PRIVILEGE

All objections or responses that fail or refuse to fully respond to a request for discovery on the grounds of any claim of privilege of any kind whatever shall:

A.    State the nature of the claim of privilege and the facts relied upon in support of such claim;

B.    Identify all documents relating to said claim and, for each document withheld from production, provide the following information: the nature of the documents (such as, for example, a letter, email, memorandum, or otherwise); the date; the identity of the addressees or recipients of either the documents or copies of the documents; and a description of the general subject matter of the documents;

C.    Identify all persons having knowledge of any facts related to such claim; and

D.    Identify all events, transactions, or occurrences related to the claim.

### REQUESTS

**REQUEST NO. 1.**   All documentation pertaining to Plaintiffs' compensation (including but not limited to all pay stubs and/or electronically stored equivalents; direct deposit, CashApp/Zelle/other electronic payment app data; check stubs, cancelled checks, other payment documentation; bank statements and registers; mileage or other reimbursement forms; other forms or databases used to process payments; and all benefits information).

**REQUEST NO. 2.**   All documentation pertaining to Plaintiffs' time worked, whether recorded expressly for timekeeping purposes or otherwise (including, but not limited to all Rx2Go app data, time logs, or similar for each shift any Plaintiff worked, including documentation or electronic data showing any and all alterations to such time entries).

**REQUEST NO. 3.**   All data related to tips left by customers whose deliveries were made by Plaintiffs.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Shkolir, et al. v. RX2GO, Inc., et al.*  
Case no. 1:23-cv-7256-OEM-PK (EDNY)

Ps 1st RPDs to Ds  
Page 4

**REQUEST NO. 4.**   To the extent not already requested above, all data and/or documents relating to deductions made to Plaintiffs' pay for any reason other than taxes/standard withholdings.

**REQUEST NO. 5.**   To the extent not already requested above, all data from the RX2Go app pertaining to any of the Plaintiffs.

**REQUEST NO. 6.**   To the extent not already requested above, all data from the Telegram app pertaining to any of the Plaintiffs.

**REQUEST NO. 7.**   To the extent not already requested above, all texts, emails, SMS/DM/IM messages through any platform or app between any Plaintiff and any agent of Defendant, particularly managers, owners, supervisors, or dispatchers.

**\*\*\*Note: unless otherwise specified, the time period requested is limited to the period of 6 years before the filing of the Complaint to the present. \*\*\***

Respectfully submitted, this **22nd** day of **March 2024.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
Attorneys for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shkolir, et al. v. RX2GO, Inc., et al.*         Ps 1st RPDs to Ds
Case no. 1:23-cv-7256-OEM-PK (EDNY)              Page 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELLIE SHKOLIR, RASHAD WILLIAMS,** and **EVGENII BADGAEV**<br><br>Plaintiff,<br><br>v.<br><br>**RX2GO, INC.**, and,<br>**ERKIN SATTAROV,** an individual,<br><br>Defendants. | Case No. 1:23-cv-7256-OEM-PK |

### CERTIFICATE OF SERVICE

I hereby certify that on this **22nd** day of **March, 2024**, I sent the foregoing Plaintiffs' First Requests for Production to Defendants to counsel for the Defendants via Electronic Mail by pdf attachment addressed as follows:

Emanuel Kataev, Esq.
SAGE LEGAL LLC
(*emanuel@sagelegal.nyc*)

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Shkolir, et al. v. RX2GO, Inc., et al.*
Case no. 1:23-cv-7256-OEM-PK (EDNY)

Ps 1st RPDs to Ds
Page 6