

May 6, 2024

Hon. Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
VIA ECF ONLY

      Re:    *Shkolir, et. al v. RX2GO, Inc., et. al.*; 1:23-cv-7256-OEM-PK (EDNY)
              <u>RESPONSE TO DEFENDANTS' PRE-MOTION CONFERENCE REQUEST</u>

Your Honor:

I represent the Plaintiffs in the above-referenced action. I write in response to Defendants' Letter dated April 29, 2024, [Dkt. 25] in which counsel proposes filing a motion for judgment on the pleadings as to Plaintiffs' Amended Complaint [Dkt. 22].

<u>Context</u>
When we discussed the gameplan for this case with Magistrate Judge Kuo, the concept was that Defendants would produce limited relevant information (basic time, pay, tip, and data from the app the parties all used), Plaintiffs' counsel would use that information to make calculations, and then we would have a mediation. This is not how things have gone.

Defendants seem to be trying everything they can think of to avoid producing their records (despite their former counsel indicating that he had a large box of paper documents ready to produce and counsel were discussing logistics of how to do the exchange when the substitution of counsel was announced). As expressed in Plaintiffs' Request for Pre-Motion Conference re: Discovery Deficiencies/Compel [Dkt. 26], Defendants' counsel has refused to provide any discovery responses, despite Judge Kuo's Order that relevant information like that be exchanged, as well as formal requests having been propounded. Rather than provide those responses that would get Defendants the more accurate settlement demand they request, Defendants filed their renewed request to engage in motion practice and rather than moving this case along, we are back to where we started.

<u>The Proposed Motion for Judgment on the Pleadings.</u>
Please see Dkt. 23, Plaintiffs' response to Defendants' previous similar request. As mentioned before, Plaintiffs have not asserted an FLSA minimum wage claim. In regard to overtime, the Second Circuit recently revisited the *Lundy* standard for overtime pleadings. *Herrera v. Comme*

*des Garcons, Ltd.*, 84 F.4th 110, 115–16 (2d Cir. 2023) [10/16/2023]. In *Herrera*, the Second Circuit vacated an SDNY dismissal of those plaintiffs' claims on grounds similar to those at issue here, noting that in reaching its decision the district court had "imposed an unduly high pleading bar" and that its "holding reflects too crabbed a reading of the Complaint." 84 F.4th at 115–16. In *Herrera*, as here, the plaintiffs had alleged regular work of more than 40 hours a week, unlike the plaintiffs in *Lundy*, and also alleged additional uncompensated worked time. "Viewed singly or together, these allegations carry the Plaintiffs over the forty-hour bar and permit us to infer that they were entitled to overtime under the FLSA." *Id.* at 115. District courts subsequently applying *Herrera* have found allegations less specific than in the current Plaintiffs' ones to be sufficient. See e.g. *DiGiovanni v. Ergoteles LLC*, No. 22-CV-09118-PGG-SN, 2023 WL 8716893, at *4 (S.D.N.Y. Oct. 23, 2023), *Hosseini v. Miilkiina LLC*, No. 22-cv-1459 (LJL), 2023 WL 7128092, at *4 (S.D.N.Y. Oct. 27, 2023).

This approach makes sense, in the larger context of the burdens of recordkeeping falling to the employer. More specifically, both the NYLL and the FLSA have specific requirements for the employer to maintain timekeeping records. 29 U.S.C. § 211(c), 29 C.F.R. § 516.2, NYLL §§161, 661. The Second Circuit has even gone so far as to call accurate time tracking a "non-delegable" duty of the employer. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011).

In addition, a motion for judgment on the pleadings is not appropriate for the disputes at issue.

Interposed For An Improper Purpose
By all appearances Defendants appear to be trying to avoid making their discovery production, and/or to delay proceedings generally. To the extent that Defendants intend to pursue their proposed motion, Plaintiffs respectfully request that we also discuss a Rule 11 motion as to that motion as well. We don't want to have to do that; what we want is to move the case along productively rather than so litigiously.

A Final Note
The inclusion of settlement dollar figures in Defendants' letter was highly improper. *Cheeks* does not abrogate FRE 408 or the general privilege related to settlement discussions.

We thank the Court for its time and consideration to this matter.

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com