# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

May 6, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

    *Re:*  **Shkolir,** *et al.* **v. Rx2Go, Inc.,** *et ano.*
       **Case No.: 1:23-cv-7256 (OEM) (PK)**

Dear Judge Kuo:

  This firm represents the Defendants in this case. Defendants write to respectfully oppose Plaintiffs' April 30, 2024 letter motion to compel discovery. For the reasons set forth below, Plaintiffs' letter motion should be denied without prejudice as premature until the parties meet and confer and due to their failure to properly serve the discovery demands.

  Setting aside the fact that discovery requests are not due until later this month, Plaintiffs have prematurely (and improperly) served their discovery demands on March 22, 2024 via e-mail. To compound these issues, Plaintiffs have run to the court – obviously in response to Defendants' letter motion renewing their request for a pre-motion conference in anticipation of their motion for judgment on the pleadings – without giving Defendants any real opportunity to meet-and-confer as required by both the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter referred to as "Local Civil Rules" or "LCR"). This is despite the fact that Plaintiff themselves have run afoul of the Scheduling Order in this case, and this Court has issued Orders requiring the parties to meet-and-confer, which Orders the Plaintiffs have only begrudgingly complied with.

<u>Statement of Relevant Facts & Procedural History</u>

  This case was commenced on September 28, 2023. <u>See</u> ECF Docket Entry <u>1</u>. Defendants appeared by prior counsel on October 23, 2023 and your undersigned substituted in as counsel on January 31, 2024. <u>See</u> ECF Docket Entries <u>8</u> and <u>14</u>; <u>see also</u> Text Only Order dated January 31, 2024. The parties conducted an initial conference telephonically on January 31, 2024, and this Court issued a Discovery Plan and Scheduling Order (the "Scheduling Order") the same day. <u>See</u> ECF Docket Entry <u>16</u>.

  The Scheduling Order required, *inter alia*, that: (i) Plaintiffs provide a settlement demand by February 13, 2024; (ii) the parties engage in mediation or before May 17, 2024; and (iii) initial document requests and interrogatories by served on May 28, 2024. <u>Id.</u> Rather than follow the Scheduling Order, Plaintiffs have picked and chose which aspects of the Scheduling Order they would comply with. They failed to issue a settlement demand as required. <u>See</u> ECF Docket Entry <u>17</u>.

They have also engaged in formal discovery before a mediation despite the fact that the purpose of mediation is to avoid the costs involved in discovery. See ECF Docket Entry 26-1; see also Fed. R. Civ. P. 1 (requiring the Rules to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Critically, when Plaintiffs' failure to issue a settlement demand as required by the Scheduling Order was raised by Defendants, this Court required the parties to meet-and-confer. See Text Only Order dated February 27, 2024. The parties were ultimately able to resolve this issue and apprised the Court of same on March 22, 2024. See ECF Docket Entry 24. This Court noted its appreciation for counsel's efforts to meet-and-confer to resolve this dispute. See Text Only Order dated March 25, 2024.

Regrettably, this is not the case with the instant motion.

Plaintiffs' Letter Motion to Compel Must be Denied as Premature for Failure to Meet-and-Confer

The prerequisite to bringing before the Court any non-dispositive pretrial dispute is that the parties meet and confer. See Domni v. Cnty. of Nassau, No. 19-CIV.-83 (JMA) (LGD), 2022 WL 16548690, at *2 (E.D.N.Y. Oct. 7, 2022) (Dunst, J.) ("The Court concludes that Plaintiff's three separate Motions were the result of a failure to adequately meet and confer as required by Federal Rule of Civil Procedure 37(a)(1), Local Civil Rules 26.4(a) and 37.3(a), and the undersigned's Individual Practice Rules IV.C-D. The mandatory meet and confer process is not a mere procedural formality that can be discarded in a moment of discord. They are designed to ensure that—before seeking Court intervention—the parties work through any disagreement to the greatest extent possible and come to fully understand each other's positions. Plaintiff's compliance with the required meet and confer process may well have obviated Plaintiffs' unnecessary motion practice"); see also Fields v. Bayerische Motoren Werke Aktiengesellschaft, 594 F. Supp. 3d 530, 532–33 (E.D.N.Y. 2022) ("Unlike its counterpart enacted by the Southern District of New York – Local Rule 37.2 which is expressly limited to discovery motions – Local Rule 37.3 explicitly includes any "non-dispositive pretrial dispute." Thus, counsel are required, by the terms of Local Rule 37.3, to make a good faith attempt to resolve all non-dispositive pretrial matters before seeking judicial intervention. The present posture of this case not only conclusively demonstrates that counsel failed to do so, but raises, in high relief, the wisdom and importance of this requisite. Put another way, had counsel made any earnest effort to resolve their differences in a professional manner – as required by the rules of this Court and the dictates of decency – much if not all of the burgeoning, wasteful pending motions could have been averted. Other applicable rules command like outcomes") (citing Fed. R. Civ. P. 1 (mandating that the rules be construed so as to ensure "just, speedy and inexpensive determination" of every matter); EDNY Local Civil Rule 26.4 ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other").

Here, Plaintiffs have undeniably failed to do so, and filed their motion on April 30, 2024 at 10:00 AM after providing availability to meet-and-confer on Friday, April 26, 2024 at 2:16 PM. Plaintiffs' counsel did not follow up even once nor give Defendants an opportunity to respond. Instead, Plaintiffs filed the instant motion on the heels of Defendants' April 29, 2024 letter motion.

Plaintiffs' conduct smacks of bad faith, and this Court should require the parties to meet-and-confer prior to resolving this dispute. If history is any guide, the parties have previously been able to work out their disputes by meeting and conferring. Such an Order denying Plaintiffs' motion without prejudice would also serve to deter future rushed filings, and require compliance with the Rules, Local Civil Rules, and this Court's Individual Rules.

Plaintiffs' Letter Motion to Compel Must be Denied Due to Their Failure to Properly Serve Demands

Plaintiffs' letter motion must also be denied because they failed to properly serve Defendants with their discovery demands. As Plaintiffs admit, they served Defendants with their discovery demands via e-mail. However, Defendants never agreed to accept service via email, and Rule 5 does not authorize service via email absent consent. See Marcellin v. HP., Inc., No. 21-CV-704 (JLS) (HKS), 2024 WL 1303608, at *6 (W.D.N.Y. Mar. 27, 2024) ("Rule 5(b)(2)(E)'s requirement of consent for service 'by other electronic means' is strictly construed, and the advisory committee notes state that 'consent must be express, and cannot be implied from conduct' … The Court will thus order plaintiffs to serve their first and second set of discovery requests on Staples in compliance with by Rule 5") (citing Fed. R. Civ. P. 5(b) advisory committee's note to 2000 amendment; Roe v. Marshall Univ. Bd. of Governors, Case No. 3:22-cv-00532, 2024 WL 1054671, at *1 (S.D. W. Va. Mar. 11, 2024) (collecting cases)).

Accordingly, Plaintiffs' letter motion to compel discovery must be denied for this independent reason. Defendants thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      May 6, 2024                                       Respectfully submitted,

                                                                       **SAGE LEGAL LLC**

                                                                         */s/ Emanuel Kataev, Esq.*
                                                                         Emanuel Kataev, Esq.
                                                                         18211 Jamaica Avenue
                                                                         Jamaica, NY 11423-2327
                                                                         (718) 412-2421 (office)
                                                                         (917) 807-7819 (cellular)
                                                                         (718) 489-4155 (facsimile)
                                                                         emanuel@sagelegal.nyc

                                                                         *Attorneys for Defendants*
                                                                         *Rx2Go, Inc. and*
                                                                         *Erkin Sattarov*

**VIA ECF**
AndersonDodson, P.C.
<u>Attn</u>: Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004-1046
(212) 961-7639 (office)
penn@andersondodson.com

*Attorneys for Plaintiffs*
*Ellie Shkolir,*
*Rashad Williams, and*
*Evgenii Badgaev*