

July 5, 2024

Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
VIA ECF ONLY

      Re:    *Shkolir, et. al v. RX2GO, Inc., et. al.*; 1:23-cv-7256-OEM-PK (EDNY)
              DEFENDANTS' FAILURE TO PRODUCE DATA IN ADVANCE OF MEDIATION

Your Honor:

I represent the Plaintiffs in the above-referenced action. Unfortunately, despite continued attempts to obtain very basic discovery materials, we must seek the Court's intervention again. The only documents Defendants have produced are two summary reports, as described below. We ask that the Court order the Defendants (again) to produce the necessary information by no later than July 10, in advance of our mediation scheduled for July 15.

Relevant Background
On April 30, 2024, Plaintiffs filed a motion for pre-motion conference regarding Defendants' failure to produce even basic discovery documents necessary for preparation for mediation. [Dkt. 26]. On May 17, 2024, the Court held an in person conference, after which it entered a minute entry order with an extended deadline to hold mediation by June 28, 2024 (which was later extended due to the mediator's scheduling conflicts), and ordering in part:

> Defendants are ordered to turn over all ESI material regarding time and wage payment records (including Information about tips) by Mary 20, 2024. By that date, Defendants must also describe the contents of any paper records that they cannot produce immediately, and produce them before the start of mediation.

While Defendants have produced some information, they have not provided enough information to be productive, much less what was ordered. On May 19 Defendants produced 14 PDF (not ESI/native format) pages of highly summarized data (date of the plaintiff's work, an alleged duration of work with no details, an alleged amount of payout for that day's work, and a computed effective hourly rate dividing the latter by the former). As ordered, on May 24 Plaintiffs provided



a detailed, lengthy revised demand letter, noting the many areas that had to be estimated due to the lack of available records, and with specificity requesting that data be produced.

On June 24, after a great deal of my firm pestering defense counsel, we received about 1200 more PDF pages worth of a production, but consisting of, in essence, a more detailed version of the information in the previous summary production. It was reports, for each plaintiff, by the day of addresses of deliveries made, time stamps for those deliveries, the Defendants' assertion as to how many hours the plaintiffs worked, and a dollar figure at the bottom indicating how much the plaintiff was supposedly paid for that day's work. At most these records, in sum, might show what Defendants thought they intended to pay the Plaintiffs for each day's work.

Defendants have produced <u>no</u> records regarding payments actually made to the plaintiffs, what the schedule was for how much they were supposed to receive per stop, what deductions were made to their pay, when (and whether) the amounts indicated were in fact paid, etc. Normally that kind of information would consist of something like records showing payments made (whether by check, zelle or its equivalent, cash, etc.) as well as internal bookkeeping records indicating how those figures were arrived at. The second major gap is the lack of information about tips. The only information Defendants have produced regarding tips is only in relation to Plaintiff Shkolir, none for before Nov. 2020, and only partial information for the time period that did have data. Also, with prior notice to defense counsel we did recently file a consent form for an additional Plaintiff to join the action. Defense counsel has indicated an intention to produce documents related to him but has not done so yet.

I emailed defense counsel most recently on June 26 regarding these deficiencies and have not heard anything back. As indicated therein, given the Court's admonition at our last conference that the parties abide by the mediation deadline we do intend to participate, but without the production of this basic information we find it nearly impossible that the mediation session will be successful.

Request
We ask that the Defendants be ordered to produce, in full, for all Plaintiffs, by no later than July 10, the following categories of data, for the entirety of their tenure with Defendants:
1. All records of all payments made to them, by whatever means (cash, app, check, direct deposit, etc.)
2. For each payment made, records for how that number was determined (Defendants did not issue paystubs, so this would be an itemization of which stops and/or days were paid in a given payment, tips that may have been paid, and an itemization of deductions made to that pay as alleged in the Complaint such as for rule infractions)
3. Schedules, tables, or similar showing how much each stop Plaintiffs made should have been paid


4. Tips made by customers related to Plaintiffs' deliveries (whether ultimately paid out to the Plaintiffs or not, i.e. these almost certainly would not be contained in the payment records described above)
5. For the new Plaintiff, records like the ones provided in the ~1200 page production for the other Plaintiffs along with the above categories of records pertaining to him.

Since this has already been ordered once, we ask that continued failure to produce this be met with the Court considering what sanctions might be appropriate.

Thank you for your consideration.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*