# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

July 12, 2024

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

   *Re:* **Shkolir,** *et al.* **v. Rx2Go, Inc.,** *et ano.*
     <u>**Case No.: 1:23-cv-7256 (OEM) (PK)**</u>

Dear Judge Kuo:

  This firm represents the Defendants in this case, who write to respectfully oppose Plaintiffs' misguided and procedurally defective July 5, 2024 letter motion to compel discovery. As set forth below, Plaintiffs' letter motion should be denied with prejudice due to Plaintiffs' *repeated* failures to meet and confer, as required, and for filing the instant motion individually, rather than jointly, as required by this Court's Individual Practice Rules ("Individual Rules").

<u>*Déjà vu* all over again; Plaintiffs' failure to comply with the rules requires denial of relief</u>

  Once again, the prerequisite to bringing before the Court any non-dispositive pretrial dispute is that the parties meet and confer. <u>See</u> <u>Domni v. Cnty. of Nassau</u>, No. 19-CIV.-83 (JMA) (LGD), 2022 WL 16548690, at *2 (E.D.N.Y. Oct. 7, 2022) (Dunst, J.) ("The Court concludes that Plaintiff's … Motions were the result of a failure to adequately meet and confer as required by Federal Rule of Civil Procedure ["Rule" or "Rules"]] 37(a)(1), Local Civil Rules (["LCR"]") 26.4(a) and 37.3(a), and the undersigned's [Individual Rules]. The mandatory meet and confer process is not a mere procedural formality that can be discarded in a moment of discord. They are designed to ensure that—before seeking Court intervention—the parties work through any disagreement to the greatest extent possible and come to fully understand each other's positions. Plaintiff's compliance with the required meet and confer process may well have obviated Plaintiffs' unnecessary motion practice"); <u>see also</u> <u>Fields v. Bayerische Motoren Werke Aktiengesellschaft</u>, 594 F. Supp. 3d 530, 532–33 (E.D.N.Y. 2022) ("Unlike its counterpart enacted by the Southern District of New York – Local Rule 37.2 which is expressly limited to discovery motions – [LCR] 37.3 explicitly includes any "non-dispositive pretrial dispute." Thus, counsel are required, by the terms of [LCR] 37.3, to make a good faith attempt to resolve all non-dispositive pretrial matters before seeking judicial intervention. The present posture of this case not only conclusively demonstrates that counsel failed to do so, but raises, in high relief, the wisdom and importance of this requisite. Put another way, had counsel made any earnest effort to resolve their differences in a professional manner – as required by the rules of this Court and the dictates of decency – much if not all of the burgeoning, wasteful pending motions could have been averted. Other applicable rules command like outcomes") (<u>citing</u> Rule 1 (mandating that the rules be construed so as to ensure "just, speedy and inexpensive determination" of every matter); LCR 26.4 ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other").

Here, Plaintiffs have once more failed to do so, this time after being apprised of the requirements under the Rules, LCR, and Individual Rules, and filed their motion on July 5, 2024 after only once emailing Defendants on June 26, 2024 *with no request to meet and confer*. Plaintiffs' counsel did even bother this time to do so. Instead, Plaintiffs filed the instant motion, which separately violates the Individual Rules because discovery motions must be made by **joint** letter. See ¶ VI(A)(1)(b) (emphasis in original); see also ECF Docket Entry 28 (facts & arguments incorporated by reference herein). It should be recalled that, at the May 17, 2024 conference, this Court admonished Plaintiffs for engaging in this very behavior. See Text Only Minute Entry and Order dated May 17, 2024.

As a result, this Court should deny Plaintiffs' motion outright for their apparent and willful failure to comply with the Rules, LCR, and Individual Rules. See MKTG, Inc. v. Oceanside Ten Holdings.com, LLC, No. 18-CV-953 (SJF) (GRB), 2019 WL 6711459, at *7 (E.D.N.Y. Dec. 10, 2019) (denying motion to set aside magistrate judges denial of discovery motion with prejudice for failure to comply with rules and setting case for trial). Such an Order denying Plaintiffs' motion with prejudice would also serve to deter future rushed filings, and require compliance with the Rules, Local Civil Rules, and this Court's Individual Rules.

Plaintiffs' Letter Motion Must Also Be Denied on the Merits

Plaintiffs' letter motion must also be denied because they request documents for which there is no basis to conclude that any such documents exist. That is to say, there are no "records for how that number was determined" other than what has already been produced, nor are there any "schedules, tables, or similar showing how much each stop Plaintiffs made should have been paid."

Further, tip documents were already produced. Indeed, to add insult to injury, Plaintiffs misrepresent to this Court that "[t]he only information Defendants have produced regarding tips is only [*sic*] in relation to Plaintiff Shkolir, none for before Nov. [*sic*] 2020, and only partial information for the time period that did have data." See ECF Docket Entry 31 at 2. This is simply inaccurate. The two (2) remaining Plaintiffs' tip information was produced in documents Bates stamped D13 and D14. Had Plaintiffs bothered to look at Defendants' production (and the Rules, LCR, and Individual Rules) while they were drafting their motion, it may have obviated the need for this unnecessary motion practice.

As for the new opt-in Plaintiff Sangadzhi Badmaev, Defendants produced discovery related to him today, along with copies of payments made to the three (3) named Plaintiffs, in their third production of documents Bates stamped D1252-D1424. Again, this letter motion would never have been necessary had Plaintiffs complied with the Rules, LCR, and Individual Rules.

Accordingly, Plaintiffs' letter motion to compel discovery must be denied with prejudice, with an Order directing that any additional motions filed without complying with the Rules, LCR, and Individual Rules will result in appropriate sanctions.

Defendants thank this Court for its time and attention to this case.

Dated: Jamaica, New York
       July 12, 2024                                 Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Rx2Go, Inc. and*
*Erkin Sattarov*

**VIA ECF**
AndersonDodson, P.C.
<u>Attn</u>: Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004-1046
(212) 961-7639 (office)
penn@andersondodson.com

*Attorneys for Plaintiffs*
*Ellie Shkolir,*
*Rashad Williams,*
*Evgenii Badgaev, and*
*Sangadzhi Badmaev*