**From: Penn Dodson** penn@andersondodson.com 📎
**Subject:** Recap of Meet & Confer
**Date:** August 6, 2024 at 11:42 AM
**To:** Emanuel Kataev emanuel@sagelegal.nyc
**Cc:** Will Castelli wcastelli@andersondodson.com, Lucy Espinal lespinal@andersondodson.com
**Bcc:** Clio Manage (00799 Shkolir v RX2GO) 7b0ee15b-7fce-452f-a158-bac25764035a@outlook.clio.com



Emanuel:

To confirm the substance of our zoom meet and confer meeting of this morning:

1. Defendants' Productions
    a. You contend that Mr. Shkolir did not work for Rx2Go as long as we have alleged. You agreed to ask your client to provide documentation showing the equivalent of new hire paperwork, onboarding, applications, or other similar start of work type document showing when his start date was.
    b. For Mr. Badgaev, as I mentioned, he is insistent that he worked for the company for about a year and a half, but for a good bit of that time, despite having his own independent assignments/ routes in the app, was paid through some other entity other than the one he later formed. You will get with your client to look for records in light of this assertion.
    c. "Per delivery" price breakdown. You have produced a list of deliveries by the day (addresses) with a single sum for the ~20-60 deliveries of the day. We are seeking a per delivery breakdown, i.e. this delivery garnered $3, this one $6, etc.
    d. Breakdown of what each payment was for – which deliveries, tips, deductions, or whatever else.
    e. Tips: another search for additional records (don't forget to look for those related to the new Plaintiff, for whom no tips records have yet been produced). If no more are found for the original 3 plaintiffs, an attestation / certificaiton by your clients toward that end.
    f. You are going to get with your clients to see what exists and will both let me know and produce what you can by Fri 8/16.
2. Settlement discussion continuation
    a. I agreed to get you a version of the spreadsheet I have been working on (which in its current form I would consider work product)
    b. We agreed in principle to continue settlement discussions, and to try to hold off on motion practice/litigation to the extent feasible as we do so.
    c. My position is that I won't be able to reduce our most recent offer unless/until I get some more of these records
3. Motions
    a. My proposed second amended complaint would
        i. Add the opt in plaintiff
        ii. Add an additional related defendant entity
        iii. Add class/collective allegations

      iv.  Add additional allegations that provide examples of specific workweeks in which the alleged violations occurred

b.  You would like to see a draft of our Second Amended Complaint before letting me know the topics of concern that might lead you to a Rule 12 motion. I will get you this by 8/16.

c.  We will meet again by zoom on 8/20/24 at 2pm ET so that you can point to paragraphs with which you still take issue, if any, so that we can discuss whether I am willing/able to further edit and make the allegations sufficient for you to deem a Rule 12 motion no longer warranted. If we are good on that front I will submit a motion to amend and indicate it is not opposed; if you do intend to oppose we will come up with a briefing schedule during this zoom.

d.  Collective cert motion: we agreed that this is premature to discuss at this juncture, but will revisit later on once some of these additional hurdles have been leapt.

Let me know if I have missed or misstated anything.

**Penn Dodson, Esq.**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
212-961-7639 tel
646-998-8051 fax
*penn@andersondodson.com*
*www.andersondodson.com*



**Disclaimers:**
If you have received this communication in error, please notify the sender immediately by the telephone number above and destroy the message. Please do not send confidential, proprietary, or otherwise sensitive information via e-mail. Communication via e-mail does not establish an attorney-client relationship.

CONFIDENTIALITY NOTICE: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This communication may also contain material protected and governed by the Health insurance Portability and Accountability Act of 1996 (HIPAA). This e-mail is only for the personal and confidential use of the individuals to which it is addressed and contains confidential information. If you are not the intended recipient, you are notified that you have received this document in error, and that any reading, distributing, copying or disclosure is unauthorized.