

November 18, 2024

Hon. Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
V<small>IA</small> ECF O<small>NLY</small>

   Re: *Shkolir, et. al v. RX2GO, Inc., et. al.*; 1:23-cv-7256-OEM-PK (EDNY)
     <u>R<small>ESPONSE TO</small> D<small>EFENDANTS'</small> P<small>RE-</small>M<small>OTION</small> C<small>ONFERENCE</small> R<small>EQUEST</small></u>

Your Honor:

I represent the Plaintiffs in the above-referenced action. I write in response to Defendants' Letter dated November 14, 2024, [Dkt. 47] in which counsel proposes filing a motion for judgment on the pleadings as to Plaintiffs' Second Amended Complaint [Dkt. 43].

<u>Procedural Response</u>
Plaintiffs' counsel does not oppose the scheduling of a pre-motion conference to discuss these issues, especially if it would result in the avoidance of yet further motion practice in this case. Counsel will be out of office Nov. 21-29, 2024 and then is currently scheduled to be on medical leave starting on Dec. 19 for an unknown duration, but hopefully will be available to engage in activities like phone conferences again starting in early January (but likely not in person proceedings until sometime thereafter).

<u>Context</u>
When we discussed this case with Magistrate Judge Kuo, the concept was that Plaintiffs would file a Motion to Amend (and file their Second Amended Complaint) based on calculations from Defendants' production of limited relevant information (basic time, pay, tip, and data from the app the parties all used) and we would participate in mediation.  They did produce some additional information. Mediation was held and was unsuccessful. Plaintiffs filed a letter motion containing a briefing schedule, which was granted. Defendants' response to Plaintiffs' motion to amend was due September 20, 2024. (9/6/24 Order). They did not. By letter dated 9/27/24, Plaintiff's reply deadline, Plaintiffs asked the Court to grant their motion to amend as unopposed. [Dkt. 41]. Judge Kuo did so the same day. (9/27/24 Order). On October 1, defense counsel asked for leave to file opposition out of time. [Dkt. 42]. Judge Kuo denied that motion the same day. Plaintiffs timely filed their SAC. [Dkt. 43]. Having failed to meet Judge Kuo's deadlines to oppose


Plaintiffs' motion to amend, Defendants now seek a second bite at the apple by way of seeking to file a motion to dismiss.

Substantive Response

Defendants appear not to have considered certain additions in Plaintiffs' Second Amended Complaint that moot their argument. In particular, Defendants complain that Plaintiffs make allegations in regard to hours worked in a day rather than in a workweek and point to ¶ 39 of the SAC [Dkt. 43] to say those allegations aren't sufficient. As argued before, Plaintiffs dispute that the level of detail Defendants contend is necessary is actually required by the applicable legal standards. However, in an abundance of caution and in hopes of preventing that argument (and motion practice) from being reasserted, Plaintiffs added ¶ 49 to give specific examples of workweeks for each Plaintiff for which more than 40 hours were worked, based on some records Defendants finally produced after much prodding, and clarified ¶ 50 to say that Plaintiffs were never paid any overtime premiums when their workweeks exceeded 40 hours (they were paid on a "per stop" piecework basis, see 29 C.F.R. § 778.111). Following is the relevant text from the SAC:

> 49. Following are examples of specific workweeks in which Plaintiffs worked in excess of 40 hours. The times below reflect the time between the first delivery and the last delivery for each route (with the drivers performing more than one route in these examples), and does not include compensable time beginning when the driver went to the warehouse at the start of the shift and/or end of shift, nor the time between when one route ended and the next one began, some or all of which was also time worked:
>
>     a. Badgaev: 11/30/2020-12/6/2020 worked at least 44.59 hours (2 routes)
>
>     b. Badmaez: 12/13/2020-12/19/2020 worked at least 53.09 hours (2 routes)
>
>     c. Shkolir: 8/15/2022-21/2022: worked at least 52.70 hours (4 routes)
>
>     d. Williams: 6/27/2022-7/3/2022 worked at least 49.91 hours (4 routes)
>
> 50. Defendants did not pay Plaintiffs anything extra as overtime premium pay when they worked more than 40 hours in a week.

If Defendants' counsel simply overlooked the above and wishes to withdraw his proposed motion in light of the above, we invite him to do so.

Defendants' Discovery Deficiencies

Plaintiffs served Defendants with formal discovery requests on September 30, 2024, making their responses due by November 1, 2024. No response nor a request for an extension was received from opposing counsel. My office sent an email to opposing counsel regarding their overdue responses on November 6, 2024, to which we received no response. On November 15, 2024, we sent a meet and confer letter to opposing counsel regarding their overdue responses and, again, we received no response.

We ask that this Court decide whether to address that in conjunction with the pending request for pre-motion conference, or to refer that discovery deficiency to Magistrate Judge Kuo, in the court's discretion as to which route would be more efficient.

FLSA Collective

By letter dated 1/19/2024, Plaintiffs filed a stipulation to FLSA collective procedures based on Defendants' previous counsel's assent, with attached proposed notice and consent forms. [Dkt. 12]. Once new counsel came in, he objected to that. Ultimately Judge Kuo directed Plaintiffs to withdraw that submission, on the basis that at the time there were no class/collective allegations in the complaint. (8/4/24 minute order). The new SAC does include these allegations. Plaintiffs seek the court's direction as to whether it would be appropriate to move forward with a motion for collective treatment now, or whether we need to wait until the proposed motion to dismiss issue is sorted out.

We thank the Court for its time and consideration to these matters.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*