

July 14, 2025

Hon. Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201
<u>Via ECF Only</u>

    RE:    Shkolir v Rx2Go, Civil Action No. 1:23-cv-7256-OEM-PK
                Motion For Approval of FLSA Settlement & Retention of Jurisdiction

Dear Judge Merchant:

The Plaintiffs hereby jointly request that this Court approve the parties' settlement of the above-captioned matter.  (Ex. 1, Settlement Agreement).  As the Plaintiffs' case and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Because the Hon. Peggy Kuo, U.S.M.J. participated in an in-person Settlement Conference with the parties on April 30, 2025, reviewed submissions prior to the conference, and participated in various motions and conferences with the parties' counsel over the course of the case, it is respectfully submitted that the Court is familiar with the background of the case and the multiple *bona fide* disputes of fact and law at issue. The compromises to Plaintiffs' "best day in court" computed potential damages are fair and reasonable given these disputes, which include whether Plaintiffs were independent contractors or employees, how many hours the Plaintiffs worked, whether overtime should have been compensable, whether any tips were withheld, and even what the payment arrangement between the parties was.

Further, there are no terms in the agreement that would preclude approval. In *Cheeks* the Second Circuit articulated that its rationale for requiring approval is premised largely on the notion that "Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly."  *Cheeks*, at *17.  The Court referred to a number of district court decisions rejecting proposed FLSA settlements containing the following types of provisions:

    1.    Highly restrictive confidentiality provisions (*Lopez v. Nights of Cabiria, LLC*, ⸺ F.Supp.3d


——, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. March 30, 2015)

2. Overbroad releases (*Id.*)

3. Attorneys' fees of somewhere between 40%-43.6% of the total settlement payment (*Id.*)

4. Restriction on a plaintiff's attorney not to "represent any person bringing similar claims against Defendants." *Guareno v. Vincent Perito, Inc.*, 14cv1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014).

5. Economic desperation of the plaintiffs. *Nall v. Mai–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir.2013); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D.Ga.2014)

*Cheeks*, at *17. Here, none of these factors would preclude approval of this settlement. First, there is no confidentiality provision in the Agreement. Second, the release in this case is limited to the wage claims raised on the lawsuit. Third, the attorney fees and costs combined are $51,000, which is less than the amounts contained in the plaintiff's retainer agreement with their counsel and less than the "lodestar" amounts logged to the matter. More specifically, the Plaintiffs agreed to contingency representation whereby counsel would receive the greater of 35% of the recovery (which here would be $56,000, plus costs) or time billed at the firm's standard rates (which here, as indicated by the attached, is in excess of $70,000). So that the Court can cross-check this amount for reasonableness, attached hereto are counsel's activity logs, documents pertaining to costs expended, and a declaration supporting the hourly rates stated and costs claimed. Fourth, the Agreement contains no restriction on Plaintiffs' counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiffs' economic desperation.

The Plaintiffs have executed a written Settlement Agreement which is the approved version that Defendants' counsel sent to Plaintiffs' counsel on July 10, 2025. (A copy of that email is attached). The parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action, during a settlement conference in court with the magistrate judge assigned to the case.

WHEREFORE, the Plaintiffs respectfully request that this Court approve the Settlement Agreement of the Parties, dismiss the instant action between the parties with prejudice, and retain jurisdiction for the purpose of enforcement of the provisions of the agreement if doing so were to become necessary.

*By the Plaintiffs: We do not have a fully executed agreement or confession of judgment signed by Defendants. However, given the delays that have already taken place we wanted to go ahead and submit the settlement agreement signed by Plaintiffs for the court's review and approval, albeit subject to our receipt of the executed documents.*

Thank you for your consideration of these matters.

Sincerely,

Penn Dodson
penn@andersondodson.com

Attachments

1. Settlement Agreement Signed by Plaintiffs
2. Activity Logs
3. Costs
4. Attorney Declaration
5. Retainer Agreement (Shkolir)
6. Retainer Agreement (Williams)
7. Retainer Agreement (Badgaev)
8. Retainer Agreement (Badmaev)
9. 7/10/25 Emails Between Attorneys