DocuSign Envelope ID: 8799F00B-FD40-4A14-A34C-3085938AFBA4



# AGREEMENT FOR LEGAL SERVICES
## (In Formal Proceedings)

This is an Agreement between You and the law firm of **AndersonDodson, P.C.** ("the Firm"). The purpose of this document is to describe what you can expect from us and what we will be expecting of you.

## SCOPE OF SERVICES
### WHAT THIS FIRM IS & IS NOT AGREEING TO DO FOR YOU

This Firm is representing you for the purpose of pursuing claims regarding the non-payment or underpayment of some aspect of your wages or compensation related to your job, such as wholly unpaid wages, overtime, minimum wage, or commissions, along with wage-related damages.

While we are pleased to represent you on these wage claims, the Firm is not agreeing to represent you for anything other than what is stated above. For instance, we are not representing you in pursuing a wrongful termination claim, any discrimination claims, assisting with collecting unemployment benefits, filing a divorce, writing a will, etc.)

The Firm is agreeing to file your claim in court (or other formal tribunal such as arbitration, if applicable) and to prosecute your case in that forum until one of the following happens: a) there is a final judgment (whether by default, summary judgment, or trial) b) there is a settlement, c) the court permits the Firm to withdraw from the case or d) in its sound discretion, and in communication with you, the Firm decides that pursuing further legal action is not in your best interest, or the Firm's, that such actions would be frivolous, or that the risk of pursuing them is too great.

Also, at this point, the Firm is not agreeing to represent you in any tribunal not specifically described above. For example, this Agreement does not cover representation before an appellate court, the EEOC, the Department of Labor, etc. If together we later decide that the Firm will file or defend against an appeal on your behalf, the Firm will provide you another agreement, similar to this one, where the Firm will explain will the terms for taking that next step.

ANDERSONDODSON, P.C.
11 BROADWAY * SUITE 615 * NEW YORK, NY 10004
(212) 961-7639 TEL * (646) 998-8051 FAX
WWW.ANDERSONDODSON.COM

# AndersonDodson, P.C. Retainer Agreement

## FEES & COSTS

### FEES FOR LEGAL SERVICES RENDERED

The Firm is not asking you to pay the Firm any money out of your pocket for the work we are doing on your behalf. If we get paid, it will be from whatever funds that we recover from your employer. It is our hope to get the employer to pay not only what you are owed but also our fees <u>on top of that</u>, as state and federal wage laws provide. (Wage laws make employers who underpay their workers pay the affected employees' attorney fees, in addition to the wages and other damages they may be owed.)

**The Firm is agreeing to take your case on a "contingency fee" basis**. If you prefer to pay the Firm on an hourly basis, please see "**Hourly Rate Option**" section below.

When we say that we are taking your case on a "contingency fee" basis we want to be sure that you understand what that means. It is not the same thing as a "percentage" basis, and it does not mean "free" or "pro-bono." What "contingency" means is that the Firm's right to obtain any attorney fees is dependent upon (or "contingent" on) the Firm recovering money for you in your case. If the Firm doesn't get any money for you, the Firm will receive no attorneys' fees at all. The Firm is agreeing to undertake this risk. However, if we do recover money for you, then we will determine the Firm's fees according to the provisions below:

AndersonDodson's fees will be the *greater* of the following (never to exceed the amount that the Firm recovers on your behalf):

- thirty-five percent (35%) of the <u>total</u> amount recovered on your behalf or in pursuit of your claim (including any portions called or referred to as attorney fees); OR

- the amount computed from our billable rates (*see below for our hourly rates*) and the actual time that the Firm expends on your case**; OR

- $3,000.00

    **Note: if there is a settlement in this case, the Firm will include an additional five hours of associate level attorney time in consideration for the time spent after verbal settlement is reached to negotiate the details of the settlement contract, prepare the documents necessary to obtain dismissal and/or court approval of the settlement (if applicable), follow up to effectuate finalizing receipt of payments, and disburse the payments to you after they are received.

If a settlement is reached, the Firm will state clearly the amount of the settlement that is going toward attorney fees either in the settlement agreement itself, or in a separate

written communication that the Firm sends to you. We want to be sure that you clearly understand, before signing an agreement, exactly how much of the recovery will be paid to you, how much will go toward the Firms fees, and how much will be paid to reimburse costs.

By signing this agreement, you acknowledge that you and the Firm are a team and that AndersonDodson agreeing to represent you on a contingency basis does <u>not</u> mean that we are doing our work free of charge. You understand that you cannot (nor do you wish to) waive the Firm's claim for attorneys' fees and costs. You agree that by choosing the Contingency Fee Option, you are assigning and transferring to AndersonDodson the right to recover attorneys' fees and costs that you may have.

By signing this agreement, you also acknowledge that AndersonDodson has to get paid for its services, and that if you were to secretly settle with your employer yourself, or receive money from the employer directly, then you <u>will</u> have to pay AndersonDodson out of your own pocket. It is AndersonDodson's intention to obtain attorneys' fees from the employer, not from you, but in order for this to happen you must cooperate with us.

**"Hourly Rate Option"**
If instead of a contingency fee you would prefer to pay out of pocket from the outset, you do have the option to pay on an hourly basis at the Firm's standard billable rates, which must be paid in advance. Then, if we are successful, and if the laws applicable to your case allow us to, we could seek reimbursement for those fees. Our hourly rates, which are billed at a minimum of 0.1 hours are:

|  |  |
|---|---|
| $450-$475/hour | Partners |
| $325/hour | Associates |
| $125/hour | Paralegals |
| $95/hour | Junior Paralegals |
| $65/hour | Administrative Assistants |

*(These are the same rates we use in calculating our contingent fee, as described above.)* Most people do not want this option, but if you do, please let us know, and we will give you a different kind of agreement to review.

**By signing <u>this</u> agreement, you are indicating that you want to hire the Firm on a Contingency Fee basis.**


COSTS & EXPENSES.
"Costs" are different from "fees." Costs are expenses that have to be paid to a third party, related to your case or on your behalf. Some examples of "costs" include court fees, service of process fees, postage or shipping, court reporter fees, etc. If we prevail in this action, we are highly likely to be able to recover these costs from the other side. However, in the meantime, you and the Firm will share in the responsibility for these expenses as follows.

The out of pocket costs necessary to get an action going are normally around $500, consisting of $400 for the court filing fee, plus about $100 for service of process. Toward that end, the Firm requires that you deposit $500 into the firm's trust account for this purpose before commencing this stage of work.  In the unlikely event the Firm does not use that entire amount for filing and service, any remainder will be applied toward future costs.  In many cases, this is the end of the costs involved. The Firm tries very hard to minimize expenses on your behalf. However, sometimes further costs are necessary.

Beyond that initial deposit, the Firm will give you the option of paying for the out of pocket costs as they are incurred, or waiting until the end of the case and the Firm receiving reimbursement for those costs, plus interest.  More specifically, if and when the Firm incurs costs in your case over $100, we will invoice you or otherwise let you know of the expense. If you choose not to reimburse the firm within 30 days of that notice, you and the Firm will have the understanding that this cost expenditure is in essence a loan to you. Because it is a loan, you will owe interest at a rate of 10% per year (simple), starting from the date when the cost is incurred. If there is a recovery in your case, the Firm will receive reimbursement from that recovery.

For any cost anticipated to be more than $500 (such as a deposition transcript), the Firm will notify you in advance of the proposed expense. Normally if the Firm decides that a deposition is necessary in your case it is because doing so is very important to its success. On some occasions they are less critical than others. Ultimately so long as the Firm is representing your interests it remains in the Firm's discretion whether or not to move forward with the deposition, but we want to do so in communication with you and also to allow you to make preparations for the expense if it does turn out that we cannot get reimbursement from the other side for one reason or another.

In lieu of being billed separately for small costs, we will apply a standard cost of $95 (and $50 for each additional client in the same matter, if applicable) to cover postage for

DocuSign Envelope ID: 8799F00B-FD40-4A14-A34C-3085938AFBA4



mailings under $5 per item; in-house copying, scanning, and printing; electronic case management and storage; file storage, scanning, and/or document destruction after closure; and standard case related office supplies such as file folders, binders, and binder clips. These will not be subject to interest and will only be charged if there is a recovery on your behalf.

To be clear, costs are not part of fees. The Firm will be reimbursed for expended costs from the recovery made in your case, in addition to the attorneys' fees outlined above.

## IMPORTANT: HOW WE WILL WORK TOGETHER
### COMMUNICATION & STATUS REQUESTS.

In order to actively work on your case and others' cases the Firm's attorneys and staff are not always able to spend a lot of time communicating directly with you. The Firm will keep you informed as there are new things to report and will consult with you when appropriate. If you have concerns, or have not heard anything in several months, you may feel free to contact the office. We will keep you informed, and when there is little to report, the Firm will dedicate our energies to doing the work on your behalf.

If you cannot immediately reach the person you want, please leave a message, including the nature and urgency of the call. **We prefer e-mail** communication where possible. The Firm will send you copies of significant correspondence and documents upon request.

### CHANGE OF CONTACT INFORMATION.

You must keep the Firm informed of your current contact information, including mailing address, phone number(s), and email address(es). **If the Firm cannot locate you for a period of thirty (30) days, we may discontinue efforts on your behalf, at the Firm's discretion**.

Further, you agree that if the Firm recovers money on your behalf, and you have failed to provide adequate information by which to contact you, then, one year after the date of deposit of the award into the Firm's trust account ,and after a good faith effort on the part of the Firm to contact you, you authorize AndersonDodson, P.C. to disburse the funds collected on your behalf to a 501(c)(3) charity of the choice of the shareholders of the Firm, similar to a *cy pres* designee. If this happens, any recovery made on your behalf would not be paid to you and you would be releasing your rights to obtain that recovery yourself. We never want this to happen, so please, stay in touch!

DocuSign Envelope ID: 8799F00B-FD40-4A14-A34C-3085938AFBA4



AndersonDodson, P.C. Retainer Agreement                                                Page 6 of 12

## NO ASSURANCES.

Even though the members of the Firm believe that your case has merit based on the information the Firm has at this point, there are never any guarantees of winning or collecting. Even if we do get a settlement agreement or even a judgment in your favor, that is not the same as getting cash in hand. Sometimes it is necessary to go through separate formal proceedings to collect a judgment that has been awarded. If judgment collection proceedings are necessary, you authorize the Firm, at its sole discretion, to enter into agreements on your behalf with other attorney(s) and/or firm(s) for this purpose. If that becomes necessary, you (and any others bringing the case with you, if applicable) may have to pay out of pocket costs required by the other attorney(s) and/or firm(s) and that the Firm will not advance any of those costs.

## COOPERATION.

The Firm needs your active, truthful participation in order to effectively advocate for your interests. Toward that end, you know that you have an affirmative obligation to assist and to cooperate with the Firm during this process. For example, you will be required to furnish certain documents, information, and releases and may be required to attend depositions and court appearances. Consequently, you are expected to provide requested documentation promptly to the appropriate firm representative. You must also be available to work with the Firm's attorneys in preparation for depositions, court appearances and to discuss issues as they arise throughout this matter. You understand that your non-cooperation will be grounds for the Firm to withdraw from representing you and/or dismiss of your lawsuit. **It is essential that we maintain open communication.** You are hereby agreeing to cooperate and participate in the conduct of your case and to truthfully and immediately notify the Firm as to anything that may occur that could affect the case. The attorneys are relying on the facts that you give to the Firm.

## LIMITED POWER OF ATTORNEY.

You hereby make, constitute and appoint AndersonDodson as your agent and attorneys-in-fact to act in your name, place and stead to negotiate for the purposes of this contract.  You hereby authorize AndersonDodson, and its attorneys and staff to sign their name to any pleadings on your behalf.


## CLASS REPRESENTATIVE.

The Firm seeks to bring actions on behalf of not only the workers who contact them but also on behalf of other similarly situated employees. You leave it completely to the Firm's discretion, based on the Firm's attorneys' experience as to whether your case will or will not be pursued on behalf of a group of similarly situated employees. If the Firm does decide to do so, you agree to fully cooperate with such efforts and to do everything you can to help other coworkers who experienced the same kind of treatment as you did to get paid what they are owed.

## END OF SERVICES.

The Firm's services are considered completed for the purposes of this agreement when one of three things happens:
 1. The Firm reaches a settlement on your behalf OR
 2. The Firm obtains a judgment in your case OR
 3. The Firm determines that further efforts would likely be futile OR
 4. (Less common) You terminate the attorney-client relationship or the Firm terminates it as per the provisions below.

## TERMINATION OF THIS RELATIONSHIP BY THE CLIENT.

You are free to end the relationship between yourself and the Firm before this case is completed by providing the Firm with written notice of that decision. If you do so, you agree to pay all fees and expenses up to the date of ending those services. In other words, if you fire this firm before the case is resolved, or settle it on your own without going through your attorneys, you are responsible for paying the reasonable value of services performed to date, or the appropriate percentage of the last settlement offer, whichever is greater, plus those costs incurred by the Firm.

## TERMINATION OF THIS RELATIONSHIP BY THE FIRM.

With this agreement, the Firm is expressing its commitment and willingness to represent you to the best of its ability. However, the Firm is free to withdraw its services at any time if it has a good reason to do so. For example, the Firm will withdraw its services if:
 a. You misrepresented facts or failed to disclose important facts;
 b. You did not cooperate with reasonable requests;
 c. You accepted money from the other side without compensating the Firm as per the terms of this Agreement;
 d. You asked the attorneys to do something unethical or illegal;
 e. You did not alert the Firm of change of contact information and could not be

      located;
  f. The law changed, or the Firm discovered that the law does not support your case;
  g. Upon further investigation the Firm discovered that there is not sufficient evidence to support your claim or that it would be a waste of time to continue on with it ;
  h. Upon further investigation the Firm discovered that it would be unlikely that a monetary recovery would be had at all (for example, because of the employer going out of business, etc.), or it would be unlikely that a monetary recovery large enough to justify the time, expense, and/or effort necessary to obtain such recovery could be had; OR
  i. The Firm learned of a conflict of interest that would make it unethical for its attorneys to continue to act for you.

Should the Firm have to withdraw representation due to your actions or inactions (such as in the examples a-e above) that you would have to pay the fees and expenses up to the time they stopped acting for you just as if you had terminated their services yourself, but if the Firm chooses to withdraw for reasons like those in the examples f-i above you will not be liable for any attorney fees.

## ASSIGNMENT OF FIRM PERSONNEL.

Although you may be working primarily with one particular lawyer, you are engaging the services of the law firm AndersonDodson, P.C., and not any one particular person. You may interact with several different attorneys, paralegals, legal assistants and secretaries in the Firm. Staff members, while they will provide valuable services, are not all attorneys. Paralegals, legal assistants and secretaries cannot provide you with legal advice, and nothing they communicate to you will be taken as such. Further, you grant AndersonDodson the right to consult or engage other attorneys to assist us at no additional cost to you. The attorney fees related to your claim may be shared among more than one firm including AndersonDodson but that if that is the case that it will not affect the amount of money you ultimately receive.

## SOLE REPRESENTATION.

By signing this document, you are representing to the Firm that you have established no attorney-client relationship with any other attorney or firm regarding this matter, or that if such relationship was formed you have terminated such relationship before engaging the Firm to represent you.


**TAXES.**
AndersonDodson does not practice in the area of tax law nor does it give tax advice. For anything that may affect your taxes (e.g. a settlement award) the Firm recommends that you consult your own accountant, tax attorney, or other financial advisor.

**POSSIBLE CONFLICTS OF INTEREST.**
Any time a law firm takes on more than one client against the same company or entity there is a possibility that there may be a conflict of interest. For example, if we were to win a judgment in favor of both you and others in this case, and the company only had a limited amount of resources with which to pay, you might have an interest adverse to the other claimants. By signing below, you are 1) acknowledging that AndersonDodson may choose to represent both you and others against the same entities; 2) recognizing that there is a potential for conflict of interests; 3) agreeing that if you and the other party(ies) cannot agree regarding funds awarded, such funds will be held in the trust account of AndersonDodson while you arbitrate between/among yourselves to determine the share that each is entitled to, and that no attorney from AndersonDodson could represent any of you in such proceedings; and 4) with such knowledge, waiving any conflicts or potential conflicts and consent to representation by AndersonDodson.

**ACKNOWLEDGEMENT OF DOCUMENT DESTRUCTION POLICIES.**
After your case has been closed and/or your file closed, the documents related to your case will be destroyed. You agree that if you want to keep any documents related to your case, it is your responsibility to request them during the pendency of your case or within 30 days of its closure. your file is considered "closed" when the Firm sends you correspondence indicating that it is closed. You acknowledge that it is the Firm's policy after the conclusion of a case to retain electronic copies of many or all case related documents for its own purposes, but has a standard practice of destroying the paper copies. You agree to have no particular expectation that your documents will be available to you after 30 days after the closing of your file.

**CLIENT RIGHTS & RESPONSIBILITIES.**
You have, before signing this contract, received, and have had the opportunity to read, the Statement of Client's Rights and Responsibilities (attached to the end of this document) and understand each of the rights and responsibilities set forth in those Statements.

DocuSign Envelope ID: 8799F00B-ED40-4A14-A34C-3085938AFBA4
Case 1:23-cv-07256-OEM-PK    Document 59-8    Filed 07/14/25    Page 10 of 12 PageID #: 362

 AndersonDodson, P.C. Retainer Agreement                                        Page 10 of 12

REVIEW; MODIFICATION.

This document represents the entire agreement between you and the Firm. By signing below, you acknowledge that you have carefully reviewed this agreement and have understood its contents, and you agree to be bound by all of its terms and conditions. If there are issues you did not understand, you have asked us for clarification before signing. Furthermore, you acknowledge that AndersonDodson has made no representations to you regarding the outcome of the matter for which you are engaging the Firm. No change or waiver of any of the provisions of this agreement shall be binding on either you or AndersonDodson unless the change is in writing and signed by you and an agent of AndersonDodson.

*   *   *   *   *

*I have reviewed, understand, and agree to the above terms of engagement of AndersonDodson, P.C. I desire and consent to the engagement of AndersonDodson, P.C. as my attorneys for the purposes and to the extent described in this document.*

| Signature *(DocuSigned by: [signature] DD82C9A701D3472...)* | Email Sangadzhi3@gmail.com |
|---|---|
| Name (Print) Sangadzhi Badmaev | Phone 6466732461 |
| Date 6/3/2024 | Address 1709 east 4 st aprt A6 |
| Company that your claim is against Rx2go | City/State/Zip Brooklyn, NY 11223 |

DocuSign Envelope ID: 8799F00B-FD40-4A14-A34C-3085938AFBA4

## Statement of Client's Rights
Section 1210.1 of the Joint Rules of the Appellate Division amended April 15, 2013 (22 NYCRR §1210.1)

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.
2. You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. (Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.)
3. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.
4. You are entitled to be charged reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.
5. You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.
6. You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.
7. You are entitled to have your legitimate objectives respected by your attorney. In particular, the decision of whether to settle your matter is yours and not your lawyer's. (Court approval of a settlement is required in some matters.)
8. You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.
9. You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.
10. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.


## Statement of Client's Responsibilities
(Informational Statement Adopted by the New York State Bar Association)

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.
2. The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.
3. The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.
4. All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.
5. A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.
6. Although the client should expect that his or her letters, telephone calls, emails, faxes, and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.
7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request by the lawyer for information and cooperation.
8. The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.
9. The lawyer may decline to accept a matter if the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.
10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.