# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is effective as of April 30, 2025, by and between Ellie Shkolir, Rashad Williams, Evgenii Badgaev, and Sangadzhi Badmaev (hereinafter "Plaintiffs") and Victoria NYC I, Inc., and Erkin Sattarov (hereinafter "Settling Defendants"). The term "Company" used herein shall include Victoria NYC I, Inc., and all of their employees, agents, and attorneys, together with its predecessors, successors and assigns, both jointly and severally. Settling Defendants and Plaintiffs may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

## W I T N E S S E T H:

**WHEREAS**, Settling Defendants contend that Plaintiffs were previously engaged to perform services for Settling Defendants by and through their respective corporate entities, i.e., ILLUSHA CORP, ELISTA INC, RASHAD ELITE SERVICES INCORPORATED, and STARTUP USA CORP., respectively; Plaintiffs contend that they performed services for Defendants as Employees; and there has been no legal determination as to this point of disagreement;

**WHEREAS**, a dispute arose between Plaintiffs and Defendants regarding compensation, which Defendants contend was in relation to services rendered pursuant to their independent contractor agreements and which Plaintiffs contend was in regard to wages they were owed as employees;

**WHEREAS,** Settling Defendants dispute that the Plaintiffs are entitled to any compensation beyond that which they received and further dispute that they are employees;

**WHEREAS**, on or about June 8, 2023, Plaintiffs sent a letter to Defendants setting forth damage calculations and legal bases upon which a formal legal claim could be asserted ("Claim Letter"); and,

**WHEREAS**, on or about September 28, 2023, Plaintiffs initiated a lawsuit against Rx2Go, Inc. *et al.* in the United States District Court for the Eastern District of New York, such case being styled *Shkolir v Rx2Go,* Case Number 1:23-cv-7256 (OEM) (PK) (the "Lawsuit"); and,

**WHEREAS**, Plaintiffs wish to compromise and settle all of their claims against the Settling Defendants relating to the Lawsuit and Claim Letter due to the costs, risks, and uncertainty of litigation,

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs and Defendants hereby agree as follows:

I. PAYMENT AND CONSIDERATION

    A. *Amount & Characterization*: In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the Settling Defendants agree to make payments totaling $160,000.00, payable to the Plaintiffs and their

1

counsel as follows:

1. The gross amount of $44,000, payable to Ellie Shkolir, subject to the issuance of a 1099 form for non-wage income;

2. The gross amount of $35,000, payable to Rashad Williams, subject to the issuance of a 1099 form for non-wage income;

3. The gross amount of $15,000, payable to Evgenii Badgaev, subject to the issuance of a 1099 form for non-wage income;

4. The gross amount of $15,000, payable to Sangadzhi Badmaev, subject to the issuance of a 1099 form for non-wage income; and

5. The gross amount of $51,000.00 for litigation expenses, costs, and attorneys' fees, payable to AndersonDodson, P.C., subject to the issuance of a 1099 form.

B. ***Delivery***.  Payments shall be made by ***Wire Transfer*** or ***ACH*** to Plaintiffs' counsel's trust account.  Detailed instructions are being provided.

C. Each Plaintiff agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration provided to them and their legal counsel, and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of any Plaintiff's relationship with the Company.

II. TERMS FOR PAYMENT OVER TIME

A. *Payment Schedule*.  The first payment in the amount of $60,000.00 shall be received within fifteen (15) calendar days of the Court's approval of the parties' settlement. Thereafter, Defendants shall make payments in the amount of $6,250.00 per month on the same day of the month until the remainder of the settlement is paid (i.e. after 16 payments in the amount of $6,250 each). As an example, if the Court were to approve the settlement on May 10, the first payment (of $60,000) would be due May 25, and all the subsequent payments (in the amount of $6,250) would be due June 25, July 25, and so on.

B. *Payment Division*. Plaintiffs' counsel shall be responsible for disbursing *pro rata* shares of each payment made to the Plaintiffs and their counsel's firm.

C. *Late Fees.*  If the payments are not received within ten (10) calendar days of their due dates, they will be assessed a late fee of 10% of the amount then due and owing.

2

D. *Escrowed Confession of Judgment*. On behalf of and himself individually, Sattarov agrees to sign the Confession of Judgment attached hereto. This Confession of Judgment shall be delivered to Plaintiffs' attorneys contemporaneously with the executed agreement. Plaintiffs' attorneys agree to hold this confession of judgment in escrow and will not cause it to be filed *unless* the following actions and inactions occur. If a payment is not received within ten (10) calendar days of its due date, counsel for the Plaintiffs shall notify Settling Defendants in writing (email to its counsel are acceptable). Thereafter, if the payment is not received within five (5) calendar days of the notice, Plaintiffs or Plaintiffs' Counsel may file the confession of judgment in court with no further notice to the Settling Defendants.

III. PLAINTIFFS' REPRESENTATIONS AND WARRANTIES. Each Plaintiff hereby represents, warrants, acknowledges, and affirms as follows, solely as to himself:

A. that each Plaintiff has not filed nor permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Company with any local, state, or federal court or administrative agency other than the Lawsuit;

B. that each Plaintiff has been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement;

C. that each Plaintiff has no known workplace injuries or occupational diseases;

D. that each Plaintiff no longer has any relationship with any Settling Defendant and has no desire to perform services for nor be employed by any Settling Defendant; and

E. that each Plaintiff shall cause the Lawsuit to be dismissed with prejudice in accordance with this Agreement.

IV. COURT PROCEDURES

A. As soon as practicable after full execution of this Agreement, the Parties agree that the Plaintiffs' counsel will cause to be filed with the Court a Motion to Approve Settlement, such as attached hereto, and/or any other documents needed to obtain settlement approval.

B. Should the Court not approve the submission, the parties agree that they will attempt to cure any noted issues with each side to bear its own costs and fees for those efforts. However, should those efforts ultimately fail they agree they will have forfeited no rights and will revert to the stance of litigation as it existed on April 30, 2025.

C. Should the Court not approve the agreement, the parties agree to meet and confer

       in a good faith effort to negotiate an alternative provision that the parties in good faith believe the Court will approve.

   D.  Plaintiffs agree to the dismissal of the Lawsuit with prejudice, subject to Settling Defendants' satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

## V. RELEASE

   A.  For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs knowingly and voluntarily release and forever discharge the Settling Defendants from any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), which the Plaintiffs ever had or now has against the Settling Defendants, related to or with:

      1.  the Lawsuit and Claim Letter;

      2.  all claims for overtime, minimum wage, and any other claims for wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq,*, New York Labor Law ("NYLL"); and/or Freelance Isn't Free Act ("FIFA");

      3.  all claims to alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation for pursuing a wage claim, liquidated damages or interest related to allegedly unpaid or underpaid wages, under any federal, state or local laws.

      4.  all correlative common law claims associated with nonpayment or underpayment of wages such as breach of contract, unjust enrichment, or other similar claims; and/or

      5.  any other claims that could have been brought at the time Plaintiffs filed the complaint in the Lawsuit, up to and including the date each Plaintiff executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiffs may assert anywhere in the world against the Defendants, or any of them regarding alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation for pursuing a wage claim, liquidated damages or interest related to allegedly unpaid or underpaid wages, under any federal, state or local laws.

   B.  The Parties expressly acknowledge that Rx2Go, Inc,. is not a party to this settlement and that Rx2Go Inc. is not receiving a release of claims as to that entity. Nevertheless,

4

the Parties intend that if and after Settling Defendants make the payments specified in this Agreement and otherwise fulfill their obligations herein, Plaintiffs shall file a notice of voluntarily dismissal as to Rx2Go, Inc. as well as the Settling Defendants.

VI. **MISCELLANEOUS**

    A. *Governing Law & Jurisdiction.* This Agreement shall be governed by and construed in accordance with the laws of the State of New York. The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the State of New York and any proceedings raised shall take place in New York courts.

    B. *Effective Date.* This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement. If no date is set forth within the first (1st) paragraph, then the effective date shall be on the date of the last Plaintiffs' execution of this Agreement. The parties acknowledge that this Agreement is binding upon the Plaintiffs and Defendants and is irrevocable. Defendants further acknowledge that this provision does not abrogate their duty to issue payments to the Plaintiffs pursuant to the provisions regarding consideration above.

    C. *Entire Agreement.* This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

    D. *Severability*. Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

    E. *No Admission of Liability*. This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement. This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence

5

of which is expressly disputed by the Defendants.

F. *Taxes*.  Plaintiffs agree to be responsible for any taxes that might be associated with the payments made to them hereunder.  Plaintiffs further understand and agree that no representation is made by or on behalf of the Company regarding tax obligations or consequences that may arise from this Agreement.  Plaintiffs represent that no tax advice has been given to them by the Company or their representatives and that they understand that Released Parties make no representation or guarantee as to the tax consequences of the Settlement Payment.  Plaintiffs further agree that the allocation and characterization of the amounts comprising the Settlement Amount were made by Plaintiffs. Plaintiffs are solely responsible for ensuring that any taxes related to their respective payments described above in this Agreement are paid.  In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Agreement, Plaintiffs shall fully pay any such assessment, including additional taxes, interest, penalties, and/or other liabilities or costs  with respect to such payments attributable to them. Each Plaintiff indemnifies and holds Defendants harmless for any tax liabilities relating to the payment of the Settlement Amount.

G. *Knowing And Voluntary Waiver And Release*:  The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

H. *Representations*.  As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; (d) such Party is bound by the signature of such representative; and (e) Plaintiffs are unaware of any other claims against the Settling Defendants nor do Plaintiffs intend on bringing any other claims against the Settling Defendants.

I. *Modification*.  This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

J. *Interpretation*.  Though one Party or its representatives may have drafted this

Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

K. *Binding Agreement*. This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

L. *Counterparts and Signatures*. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed, scanned, or secured electronic signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by secured electronic signature software, fax, or pdf attachments to emails.

M. *Headings*. Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

N. *Defined Terms*. Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

O. *Pronouns*. Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

P. *Time is of Essence.* TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

Q. *Notices*. Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by any trackable mailing service and/or by email addressed to such other Party at the address(es) set forth below. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|---|---|---|
| Defendants | Erkin Sattarov<br>Rx2Go, Inc<br>c/o Sage Legal LLC | Emanuel Kataev<br>SAGE LEGAL LLC<br>18211 Jamaica Avenue<br>Jamaica, NY 11423-2327<br>*emanuel@sagelegal.nyc* |
| Plaintiffs | Ellie Shkolir<br>1049 E. 15th ST<br>Brooklyn, NY 11230<br>*ellieshkolir@gmail.com*<br><br>Rashad Williams | Penn A. Dodson, Esq.<br>ANDERSONDODSON, P.C.<br>11 Broadway, Suite 615<br>New York, NY 10004<br>*penn@andersondodson.com* |

7

|  | |  |
|---|---|---|
|  | 14 Auburn Pl Apt 5A<br>Brooklyn, NY 11205<br>*rashadwilliams790@yahoo.com*<br><br>Evgenii Badgaev<br>207 Bay 22 St<br>Brooklyn, NY 11214<br>*Zeseda108@gmail.com*<br><br>Sangadzhi Badmaev<br>719 North Street<br>New Kensington, PA 15068<br>*sangadzhi3@gmail.com* |  |

IN AGREEMENT HERETO, the Plaintiffs and Defendants set their hand and seal.

_____                        _____
Ellie Shkolir                                                                    Date


_____                        _____
Rashad Williams                                                              Date


_____                        _____
Evgenii Badgaev                                                              Date


_____                        _____
Sangadzhi Badmaev                                                         Date


*[signature]*                                                                         08/01/2025
_____                        _____
Erkin Sattarov                                                                 Date
For ~~Rx2Go, Inc.~~; Victoria NYC I, Inc.;
and in his Individual Capacity

8

ANDERSONDODSON, P.C. TRUST ACCOUNT

WIRE TRANSFER INSTRUCTIONS

You will initiate the wire transfer from your desired bank account. Each bank is slightly different, but following is the information you will need:

|  |  |
|---|---|
| Name of Bank: | Bank of America, N.A. |
| <u>*Routing Number:*</u> | <u>026009593*</u> |
| Account Number: | 334047618210 |
| Account Name: | *AndersonDodson, P.C.* IOLTA Account |

*\*Note: the above routing number is only useful for Wire Transfers; it cannot be used for other forms of payment.*

ANDERSONDODSON, P.C. TRUST ACCOUNT

ACH INSTRUCTIONS

|  |  |
|---|---|
| Name of Bank: | Bank of America, N.A. |
| <u>*Routing Number:*</u> | <u>061000052</u> |
| Account Number: | 334047618210 |
| Account Name: | *AndersonDodson, P.C.* IOLTA Account |

July___, 2025

Hon. Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
<u>Via ECF Only</u>

      RE:    Shkolir v Rx2Go, Civil Action No. 1:23-cv-7256-OEM-PK
                Joint Motion For Approval Of FLSA Settlement & Retention Of Jurisdiction

Dear Judge Merchant:

The Plaintiffs and Defendants Victoria NYC I, Inc., and Erkin Sattarov (hereinafter "Settling Defendants") hereby jointly request that this Court approve the parties' settlement of the above-captioned matter. (Ex. 1, Settlement Agreement). As the Plaintiffs' case and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Because the Hon. Peggy Kuo, U.S.M.J. participated in an in-person Settlement Conference with the parties on April 30, 2025, reviewed submissions prior to the conference, and participated in various motions and conferences with the parties' counsel over the course of the case, it is respectfully submitted that the Court is familiar with the background of the case and the multiple *bona fide* disputes of fact and law at issue. The compromises to Plaintiffs' "best day in court" computed potential damages are fair and reasonable given these disputes, which include whether Plaintiffs were independent contractors or employees, how many hours the Plaintiffs worked, whether overtime should have been compensable, whether any tips were withheld, and even what the payment arrangement between the parties was.

Further, there are no terms in the agreement that would preclude approval. In *Cheeks* the Second Circuit articulated that its rationale for requiring approval is premised largely on the notion that "Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Cheeks*, at *17. The Court referred to a number of district court decisions rejecting proposed FLSA settlements containing the following types of provisions:

1. Highly restrictive confidentiality provisions (*Lopez v. Nights of Cabiria, LLC*, —— F.Supp.3d ––––, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. March 30, 2015)
2. Overbroad releases (*Id.*)

10

3. Attorneys' fees of somewhere between 40%-43.6% of the total settlement payment (*Id.*)

4. Restriction on a plaintiff's attorney not to "represent any person bringing similar claims against Defendants." *Guareno v. Vincent Perito, Inc.*, 14cv1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014).

5. Economic desperation of the plaintiffs. *Nall v. Mai–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir.2013); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D.Ga.2014)

*Cheeks*, at *17. Here, none of these factors would preclude approval of this settlement. First, there is no confidentiality provision in the Agreement. Second, the release in this case is limited to the wage claims raised on the lawsuit. Third, the attorney fees and costs combined are $51,000, which is less than the amounts contained in the plaintiff's retainer agreement with their counsel and less than the "lodestar" amounts logged to the matter. More specifically, the Plaintiffs agreed to contingency representation whereby counsel would receive the greater of 35% of the recovery (which here would be $56,000, plus costs) or time billed at the firm's standard rates (which here, as indicated by the attached, is in excess of $70,000). So that the Court can cross-check this amount for reasonableness, attached hereto are counsel's activity logs, documents pertaining to costs expended, and a declaration supporting the hourly rates stated and costs claimed. Fourth, the Agreement contains no restriction on Plaintiffs' counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiffs' economic desperation.

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action, during a settlement conference in court with the magistrate judge assigned to the case.

WHEREFORE, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, dismiss the instant action between the parties with prejudice, and retain jurisdiction for the purpose of enforcement of the provisions of the agreement if doing so were to become necessary.

Thank you for your consideration of these matters.

Sincerely,

Penn Dodson
*penn@andersondodson.com*

<u>Attachments</u>

1. Settlement agreement
2. Activity Logs
3. Costs
4. Attorney Declaration

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**ELLIE SHKOLIR, RASHAD WILLIAMS,**
**EVGENII BADGAEV,** and **SANGADZHI BADMAEV,**
on behalf of themselves
and others similarly situated,

          Plaintiffs,

v.

**RX2GO, INC.,**
**VICTORIA NYC I, INC.,** d/b/a Rx2Go, and
**ERKIN SATTAROV,** an individual,

          Defendants.

Case No. 1:23-cv-7256-OEM-PK

---

**AFFIDAVIT FOR CONFESSION OF JUDGMENT**

STATE OF  New York

COUNTY OF  Richmond   ss.:

**ERKIN SATTAROV**, being duly sworn, deposes and says:

1. I am an individually named Defendant in this action and have a residence address of 2391 Old Bristol Road, Southhampton, PA 18396.

2. I am an officer of Defendant Victoria NYC I, Inc. and am authorized to sign on its behalf.

3. Defendants, jointly and severally, hereby confess judgment in this court in favor of the Plaintiffs, Ellie Shkolir, Rashad Williams, Evgenii Badgaev, and Sangadzhi Badmaev, in the sum of $250,000, plus costs, less amounts paid pursuant to the Settlement Agreement dated in or around July, 2025, and do hereby authorize the Plaintiffs or assigns to enter judgment for said amount.

4. This confession of judgment is for a debt justly due or to become due to the Plaintiffs arising out of facts as alleged in the pleadings in this case regarding underpayment of wages to the Plaintiff.

5. I authorize entry of judgment in the United States District Court appearing in the caption above, or any other court of competent jurisdiction.

6. Judgment is not confessed with fraudulent intent or to protect the property of the Defendant from creditors.

7. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability, and is not an installment loan within the prohibition of CPLR 3201.

_____
Erkin Sattarov
For Victoria NYC I, Inc.,

08/01/2025
_____
Date

Sworn to before me this 1st day of August, 2025

_____
NOTARY PUBLIC
My commission expires on:



SHIMUN ILYAYEV
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
02IL0012580
MY COMMISSION EXPIRES 08/24/2027

14